CHARLES W. O'DELL, Appellant, v TOWN OF GREENPORT et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered November 3, 1982 in Ulster County, which denied claimant's application for leave to file a late notice of claim. Claimant alleges that on December 12, 1981, he was badly beaten by defendant John R. Hawks, a police officer employed by defendant Town of Greenport, in the course of his arrest of claimant on a charge of driving while intoxicated. Claimant further contends that he was unable to file a notice of claim within the 90-day time period following the incident, as required by section 50-e (subd 1, par [a]) of the General Municipal Law, because he was hospitalized for most of the period of time between December 13, 1981 and February 16, 1982, and that, thereafter, his physical infirmities required him to be confined to his house where he lived alone, without telephone or transportation. He did not obtain counsel until some six months after he was injured. Subdivision 5 of section 50-e provides that the court "in its discretion, may extend the time to serve a notice of claim". In determining whether to grant an extension, the court is to "consider, in particular, whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within [the 90-day period] or within a reasonable time thereafter" (General Municipal Law, § 50-e, subd 5). The court is also to consider "all other relevant facts and circumstances including: whether the claimant was * * * mentally or physically incapacitated * * * and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (*id.*). Claimant has failed to satisfy two of these considerations. First, there is no evidence that defendant town received actual notice of the claim. The fact

that officer Hawks may have had notice of claimant's claim does not constitute the required notice to defendant town. "[K]nowledge of its police officers is not knowledge of the public corporation" (*Matter of Cooper v City of Rochester,* 84 AD2d 947; see, also, *Williams v Town of Irondequoit,* 59 AD2d 1049, 1050). Further, claimant has failed to prove that he was disabled for the 90 days following the alleged incident. The medical records submitted by claimant show that he was diagnosed upon his admission to the hospital on December 13, 1981 as a chronic alcoholic, suffering from grand mal seizures caused by alcohol abuse, and also suffering from prostate problems and backaches. They do not indicate that he was unable to communicate his wishes so that he would have been unable to contact an attorney (see *Matter of Klobnock v City of New York,* 80 AD2d 854), nor, indeed, do they show any evidence of the beating allegedly inflicted by Officer Hawks. On the other hand, defendant town has failed to address itself to the issue of whether claimant's failure to file a timely notice of claim prejudiced it in maintaining its defense. However, given claimant's failure to satisfy the other considerations of subdivision 5 of section 50-e, we hold that this shortcoming does not justify a finding that Special Term abused its discretion in denying claimant's application (see *Phillips v City of New York,* 98 Misc 2d 1124, 1127). Order affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.