■ BRENDA LOPERENA, an Infant, by Her Mother and Natural Guardian, OLGA LOPERENA, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [596 NYS2d 676] —Order, Supreme Court, Bronx County (Anita Florio, J.), entered May 29, 1992, which, to the extent appealed from, denied defendant's motion for summary judgment, unanimously affirmed without costs.

Plaintiff presented evidence sufficient to raise issues of fact as to whether the alleged defect in the lock had existed for a sufficient period of time prior to the incident to permit defendant to discover and correct it *(see, Perez v City of New York,* 168 AD2d 227, *appeal dismissed* 77 NY2d 872, *lv denied* 78 NY2d 854). Whether defendant's negligence was the proximate cause of plaintiff's injuries also presents a triable issue. We have considered defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman and Asch, JJ.

■ SELSO GUITY et al., Appellants, v CITY OF NEW YORK, Respondent. [595 NYS2d 758] —Order, Supreme Court, Bronx County (Lewis R. Friedman, J.), entered February 3, 1992, which denied petitioners' application for leave to serve a late notice of claim, unanimously affirmed without costs.

Denial of the application was a proper exercise of discretion in the absence of a showing that respondent acquired actual knowledge of the facts constituting the claim within 90 days after it arose, or a reasonable time thereafter given the absence of a valid excuse for the eight month delay in filing the notice of claim *(see, Matter of Perez v New York City Hous. Auth.,* 156 AD2d 177). Concur—Ellerin, J. P., Wallach, Kupferman and Asch, JJ.