■ In the Matter of ANGELA MOORE, as Parent and Natural Guardian of AHKMEL J. PERRY, an Infant, Respondent, v ALBANY COUNTY DEPARTMENT OF HEALTH et al., Appellants. [603 NYS2d 355] —Mikoll, J. Appeal from an order of the Supreme Court (Travers, J.), entered April 23, 1992 in Albany County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Petitioner contends that her infant son was injured as a result of medical malpractice committed by respondents in

their failure to treat petitioner for a streptococcus infection while under their care for prenatal treatment, which infection was communicated *in utero* to the infant and caused him to be born with serious physical disabilities. Supreme Court granted petitioner's motion to file a late notice of claim based on infancy, respondents' knowledge of petitioner's medical history and on the fact that notice of the birth complications which resulted in the death of one of the twins was given to respondents within five days of the birth, the service of a late notice of claim in a reasonable time after a medical opinion was secured supporting a cause of action for malpractice and the absence of prejudice to respondents.

Respondents urge that Supreme Court abused its discretion in granting petitioner's application in that nothing in the prenatal history they had, nor the premature delivery of twins and the death of one, nor in the information that petitioner gave respondents on the occasion of a postnatal visit in January 1991 when she informed respondents that she had complications with delivery and that she had contracted streptococcus, indicated that they needed to make a further inquiry into the matter and that they are now prejudiced by the grant of the application to file a late notice.

Supreme Court has broad discretion in determining applications for leave to file a late notice of claim (General Municipal Law § 50-e [5]; *see, Matter of Kressner v Town of Malta,* 169 AD2d 927, 928). The discretion of Supreme Court will generally be upheld absent a demonstrated abuse of discretion. We find no abuse here. The possession of the pertinent medical records was sufficient to give respondents notice of essential medical facts constituting the claim. The facts of the treatment at respondents' facility form the basis of its alleged negligence. Respondents have failed to show prejudice to them as a result of the delay *(see, Matter of Quiroz v City of New York,* 154 AD2d 315; *Kavanaugh v Memorial Hosp. & Nursing Home,* 126 AD2d 930, 931).

Weiss, P. J., Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.