■ In the Matter of JENNIFER LEIBLEIN, an Infant, by Her Mother and Natural Guardian, DEBORAH LEIBLEIN, Respon-

dent, et al., Petitioner, v RICHARD CLARK, Respondent, and TOWN OF SOUTHOLD, Appellant. [615 NYS2d 437] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Town of Southold appeals from so much of a judgment of the Supreme Court, Suffolk County (Henry, J.), dated November 23, 1992, as granted the application with respect to the infant petitioner Jennifer Leiblein.

Ordered that the judgment is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and the application is denied in its entirety.

The infant petitioner Jennifer Leiblein was injured when she was struck by an automobile owned and operated by a third party, as she was riding her bicycle on a street in the Town of Southold. As a result, she suffered a fractured left ankle and lower left leg. Although the accident occurred on September 24, 1991, Jennifer's parents did not consult a lawyer until the end of June 1992. The application for leave to serve a late notice of claim was thereafter made on or about August 21, 1992, eleven months after the accident. The court granted the application with respect to the infant petitioner and denied the application with respect to the derivative claim.

We agree with the Town that under the circumstances of this case, the court improvidently exercised its discretion when it granted the application for leave to serve a late notice of claim with respect to the infant petitioner. The petitioner failed to provide a reasonable excuse for the delay (see, Matter of Plantin v New York City Hous. Auth., 203 AD2d 579; Carbone v Town of Brookhaven, 176 AD2d 778; Dube v City of New York, 158 AD2d 457), and, although an infant is involved, it is clear that the delay was not related to the infancy. While the absence of a nexus between the delay and the infancy will not automatically preclude the granting of leave to serve a late notice of claim (see, Matter of Kurz v New York City Health & Hosps. Corp., 174 AD2d 671, 672), certainly "the absence of a showing that the delay is a product of the infancy itself is a factor which militates against granting such relief" (Matter of Gandia v New York City Hous. Auth., 173 AD2d 824; Matter of D'Anjou v New York City Health & Hosps. Corp., 196 AD2d 818; Kardashinsky v New York City Hous. Auth., 182 AD2d 676).

The petitioner's contention that the Town had actual knowledge of the claim by virtue of the police report that was made

on the date of the accident is without merit. "Generally, knowledge of a police officer or of a police department cannot be considered actual knowledge of the public corporation itself regarding the essential facts of a claim" *(Matter of Caselli v City of New York,* 105 AD2d 251, 255; *Williams v Town of Irondequoit,* 59 AD2d 1049). Moreover, the police accident report merely indicated that the accident occurred when the operator of the motor vehicle could not stop in time to avoid hitting the infant petitioner. The report does not mention anything about the claimed negligence—an alleged accumulation of sand on the roadway. Since there is nothing in the police report that would connect the accident with any negligence on the part of the Town, knowledge cannot be imputed to the Town *(see, Matter of Mallory v City of New York,* 135 AD2d 636; *Matter of Perry v City of New York,* 133 AD2d 692; *Levine v City of New York,* 111 AD2d 785).

In view of the transitory nature of the alleged condition, the unreasonable delay in seeking leave to serve a late notice of claim, and the lack of knowledge by the appellant, the application should have been denied *(see, Guity v City of New York,* 191 AD2d 352; *Matter of D'Andrea v City of Glen Cove Publ. Schools,* 143 AD2d 747; *Kravitz v County of Rockland,* 112 AD2d 352, *affd* 67 NY2d 685). Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.