■ In the Matter of WILFRED G. BOYEA, Petitioner, v BOARD OF EDUCATION OF MADRID-WADDINGTON CENTRAL SCHOOL DISTRICT, Respondent. [619 NYS2d 180] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent which terminated petitioner's employment.

After a hearing, held pursuant to Education Law § 3020-a (3), petitioner was found to have engaged an 11-year-old male student in improper activities of a sexual nature, and was discharged from his teaching position in accordance with the recommendation of a majority of the hearing panel. In this CPLR article 78 proceeding, petitioner argues that the panel majority's findings and recommendation are not supported by the record, that certain procedural errors rendered the hearing unfair and deprived him of due process of law, and that the penalty imposed is disproportionate to the offense. We find these contentions meritless.

The testimony elicited at the hearing regarding the two charges, to wit, immorality and conduct unbecoming a teacher, was sharply conflicting and presented questions of credibility which the panel majority (hereinafter panel) resolved in favor of the student complainant. A review of the hearing record reveals no compelling reason to discredit the student's testimony (see, Matter of Berenhaus v Ward, 70 NY2d 436, 443-444; Matter of Fitzpatrick v Board of Educ., 96 AD2d 557, 558, lv denied 61 NY2d 607), and the record as a whole provides ample support for the panel's factual findings (see, Matter of Berenhaus v Ward, supra, at 443). These findings, in turn, justify the penalty imposed (see, Matter of Katz v Ambach, 99 AD2d 897; cf., Matter of Sarro v New York City Bd. of Educ., 47 NY2d 913, 914).

The claim that egregious procedural errors occurred is similarly unconvincing. The panel's findings were not based on uncharged conduct; rather, petitioner was specifically

found to have perpetrated the acts recited in the first three sentences of each charge, and nothing more *(cf., Matter of Jerry v Board of Educ.,* 50 AD2d 149, 158, *appeal dismissed* 39 NY2d 1057). And while the panel did not address the last two sentences of each charge, which detailed petitioner's state of mind or reason for engaging in the improper touching, finding them to be "mere surplusage", petitioner has not demonstrated that the inclusion of the additional language—which was apparently drawn from a statement petitioner gave to the State Police that was later held inadmissible and with respect to which no evidence was proffered—was in any way prejudicial to him, or influenced the panel members in arriving at their decisions.

Nor is annulment required because respondent was permitted to offer rebuttal testimony on a collateral matter, for the purpose of impeaching petitioner, for the rules of evidence need not be strictly applied in hearings such as that at issue here *(see,* Education Law § 3020-a [3] [c]; *Matter of Jerry v Board of Educ., supra,* at 159). Although the events to which the rebuttal witnesses testified could, arguably, be considered uncharged misconduct, there is no indication that the panel considered the testimony for any purpose other than its bearing on petitioner's credibility.

The other issues raised in petitioner's brief were not argued before the administrative tribunal, and hence are not properly before this Court *(see, Matter of Hughes v Suffolk County Dept. of Civ. Serv.,* 74 NY2d 833, 834; *Matter of Davis v Richardson,* 167 AD2d 976, *lv denied* 77 NY2d 805).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.