■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFRED BOYEA, Appellant. [636 NYS2d 136] —Yesawich Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered December 22, 1993, upon a verdict convicting defendant of the crimes of sodomy in the first degree (two counts) and sexual abuse in the first degree (seven counts).

During the 1989-1990 and 1990-1991 school years, defendant, a teacher, was assigned to provide remedial assistance to students in the "resource room" at the Madrid Elementary School in the Town of Madrid, St. Lawrence County. This position involves working with students who have been found to need extra help in completing their assignments and homework. The students are assigned to attend the resource room during certain portions of the day; at any given time, there might be as few as one or two students present.

In February 1993, Deborah Croff, who had served as a teacher's aide in defendant's classroom during the 1989-1990 school year, informed the Superintendent of the Madrid-Waddington Central School District that she had seen defendant reward students for good work by having them remove quarters from his pants pockets. At the Superintendent's direction, Croff questioned one of the students (hereinafter victim B), who, after an initial denial, told her that he had, in fact, received this type of reward. Upon further investigation, this student and two others—all of whom were between 8 and 11 years of age at the time of the alleged incidents—reported that on several occasions when defendant had them reach into his pocket, ostensibly for money, he had shifted his body so that the boy would touch his penis through a hole in the pocket. Two of the boys (victims A and C) recounted instances when defendant had held them on his lap and moved or "squirmed", so that they could feel his penis against their buttocks, and victim B later indicated, at a meeting attended by the school principal and a psychologist, that defendant had held him against a wall of lockers in the classroom, taken the child's pants down, and sodomized him.

Following indictment and a jury trial, at which Croff, the school principal, the Superintendent and each of the three

victims testified for the People, and the school psychologist, another student and an expert in child abuse investigatory techniques testified for the defense, defendant was convicted of two counts of sodomy, and seven counts of sexual abuse. Sentenced to an aggregate term of 15 to 45 years in prison, defendant appeals.

We reject defendant's contention that the indictment, as narrowed by the bill of particulars, insufficiently particularizes the dates and times of the crimes. Given the age and intelligence of the victims, the nature of the crimes charged (which, not infrequently, are neither witnessed by nonparticipants nor reported promptly by the victims), and the fact that defendant, an authority figure to these children, told them to "trust me" and not to tell, it is understandable why the People were unable to obtain a more precise estimate of the exact dates the crimes occurred (*see, People v Watt*, 84 NY2d 948, 950-951). Under the circumstances, the time periods stated in the bill of particulars (the longest of which is just under three months, and the remainder—most of which are further particularized as to the day of the week or a few specific dates—span less than a month each) were sufficient to apprise defendant of the accusations against him, enable him to prepare a defense and prevent further prosecution for the same conduct (*see, supra; People v Dunn*, 204 AD2d 919, 920, *lv denied* 84 NY2d 907).

Nor did County Court err in refusing to allow defendant to view the victims' school records. In passing on a request of this nature, the court is obliged to balance the public policy favoring the confidentiality of school records, especially those of students with special needs (*see*, 20 USC § 1232g [b]; 8 NYCRR 200.5 [f]), against defendant's right to cross-examine and confront the witnesses against him (*cf., People v Gissendanner*, 48 NY2d 543, 547-548). Defendant sought production of these records to assist his expert in drawing conclusions with respect to whether the victims' learning disabilities rendered them particularly vulnerable to suggestion—given the questioning methods employed by the school officials when investigating these charges—and the possibility that the victims might have answered untruthfully because of the interviewing techniques utilized. He argued that the records would likely contain the results of psychological testing, which might demonstrate a vulnerability to coercive or repetitive questioning, and he now asserts that denial of his motion prevented his expert from rendering a full and complete opinion on the effect of the school officials' investigatory tactics on these particular students. In our view, it was wholly appropriate for County Court to review

the records in camera to determine whether the particular items defendant sought were to be found therein.

And, we concur with County Court's finding that the records contain no materials of a type that would be helpful to defendant, but only the results of academic testing in areas such as reading and mathematics, and proposed plans for remedial work in those areas. Inasmuch as it became apparent, through the trial testimony, that the victims each had learning difficulties, and defendant's expert was not precluded from testifying that such difficulties can make children more susceptible to suggestion (*compare, People v Thurston*, 209 AD2d 976, 977, *lv denied* 85 NY2d 915), we agree with County Court that the information included in the records would not have contributed materially to the defense.

Also unconvincing is defendant's contention that he was denied the right to a fair trial because County Court refused to sever the counts pertaining to each of the individual victims. The mere fact that sex crimes were involved, and that they might engender considerable pretrial publicity, is not enough, without more, to require a severance (*see, People v Streitferdt*, 169 AD2d 171, 176, *lv denied* 78 NY2d 1015), and that was essentially the sole basis for defendant's request. He did not aver that he wished to testify with respect to some, but not all, of the charges, nor that there would be any substantial difference in the quantity or nature of proof as to the different counts (*see*, CPL 200.20 [3] [a]; *People v Lane*, 56 NY2d 1, 8-9; *compare, People v Shapiro*, 50 NY2d 747, 754-755). Moreover, manifestly, the jury was able to, and did, consider the evidence of each crime separately, and evaluate each on its merits, for it acquitted defendant of two of the charges while finding him guilty of the remainder (*see, People v Berta*, 213 AD2d 659, 660, *lv denied* 85 NY2d 969).

Defendant's contrary view notwithstanding, we find that the evidence was sufficient to support the verdict and that the verdict reached was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). As for the balance of defendant's claims of error, including his assertion that the sentence is harsh and excessive, they were either not preserved for review (*see, e.g., People v Satloff*, 56 NY2d 745, 746) or have been considered and found by us to be meritless.

Mikoll, J. P., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.