■ MICHELLE E. MAROLDA, Respondent, v TOWN OF NASSAU, Appellant, et al., Defendant. [642 NYS2d 428] —Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered June 6, 1995 in Rensselaer County, which, *inter alia*, granted plaintiff's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

On March 17, 1994, plaintiff was involved in a motor vehicle accident on a road maintained by defendant Town of Nassau, Rensselaer County (hereinafter defendant). Plaintiff, who was seven months pregnant, went into premature labor following the accident and was hospitalized. Concetta Marolda, plaintiff's mother, arrived at the scene of the accident minutes after it occurred. Later that day, Marolda, who serves as both defendant's Assessor of Taxes and as a member of its Roads Committee, informed, among others, defendant's Superintendent of Highways and the Town Supervisor's secretary that plaintiff had been injured in an accident which she attributed to the defective condition of a Town road and that plaintiff intended to file a negligence action against defendant.

On June 2, 1994, plaintiff's attorney allegedly served a notice of claim on defendant by regular, rather than certified, mail (*see*, General Municipal Law § 50-e [3]). Defendant subsequently asserted that it had never received this notice of claim. Plaintiff thereafter retained new counsel who caused another notice of claim to be personally served upon defendant

on November 29, 1994, over five months beyond the 90-day limitations period set forth in General Municipal Law § 50-e (1) (a). Defendant concedes receipt of this notice. In March 1995, plaintiff moved before Supreme Court for, *inter alia*, leave to file a late notice of claim. Supreme Court granted the motion and defendant appeals.

Supreme Court is vested with broad discretion in determining a motion to file a late notice of claim (*see*, General Municipal Law § 50-e [5]). Such determinations will not be disturbed absent a demonstrated abuse of discretion (*see*, *Matter of Moore v Albany County Dept. of Health*, 198 AD2d 691, 692). We find no abuse of the court's discretion here.

It is evident that Supreme Court took into account the determinative factors set forth in General Municipal Law § 50-e (5), including whether defendant had actual knowledge of the essential facts giving rise to the claim within the 90-day limitations period or a reasonable time thereafter and whether the delay "substantially prejudiced" defendant's preparation of a defense on the merits (General Municipal Law § 50-e [5]). Defendant was given actual knowledge of plaintiff's claim on the day the accident occurred when her mother told several of defendant's officials about both the accident and plaintiff's intention to sue defendant (*see*, *Matter of Billone v Town of Huntington*, 188 AD2d 526, 527; *Matter of Strevell v South Colonie Cent. School Dist.*, 144 AD2d 733, 734). Further, defendant has failed to demonstrate prejudice as a result of the delay (*see*, *Matter of Ruperti v Lake Luzerne Cent. School Dist.*, 208 AD2d 1146, 1147).

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.