■ In the Matter of JOHN DOE, Appellant, v MADRID-WADDINGTON CENTRAL SCHOOL DISTRICT et al., Respondents. [649 NYS2d 88] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Demarest, J.), entered January 9, 1995, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim against respondents.

In 1991, following an investigation of suspected child abuse, respondent Wilfred Boyea, a special education teacher formerly employed by respondent Madrid-Waddington Central School District (hereinafter the District), was suspended from his position and ultimately terminated after a disciplinary proceeding (*see, Matter of Boyea v Board of Educ.*, 209 AD2d 852, *lv denied* 85 NY2d 804). Boyea was thereafter convicted of two counts of sodomy in the first degree and seven counts of sexual abuse in the first degree (*see, People v Boyea*, 222 AD2d 937, *lv denied* 88 NY2d 934).

Petitioner, one of Boyea's former students, moved by notice of motion dated June 30, 1994 for an order permitting him to serve a late notice of claim against the District, nunc pro tunc. In opposition, the District maintained, *inter alia*, that it had no notice of the allegations that form the basis for this suit until March 3, 1993, when petitioner disclosed Boyea's actions to a police detective investigating the claims of other students. Supreme Court denied the motion, prompting this appeal by petitioner. We affirm.

The resolution of an application for permission to file a late notice of claim is a matter left to the sound discretion of the trial court (*see, Matter of Salyer v Valley Cent. School Dist.*, 163 AD2d 782, 783, *lv denied* 78 NY2d 851). In exercising this discretion, the court must weigh several factors, including "whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within [90 days] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]). Also to be considered are the petitioner's infancy, whether he or she has proffered a reasonable excuse for the delay, and whether there has been any resulting prejudice to the public corporation (*see*, General Municipal Law § 50-e [5]; *Matter of Cure v City of Hudson School Dist.*, 222 AD2d 879; *Matter of Salyer v Valley Cent. School Dist., supra*, at 783).

Bearing in mind that petitioner's infancy "neither deprives the court of its discretion nor requires it to grant an application in every instance" (*Matter of Meredithe C. v Carmel Cent. School Dist.*, 192 AD2d 952, 953), we cannot say that Supreme Court abused its discretion by denying petitioner's application. Although the nature of the allegations, coupled with the fact that Boyea, an authority figure to petitioner, "told [him] to 'trust me' and not to tell" (*People v Boyea*, 222 AD2d 937, 938, *supra*), adequately accounts for that portion of the delay which occurred before petitioner first disclosed the abuse, there is no satisfactory explanation for the remaining delay of almost a

year and a half (*see, Matter of Plante v County of Rensselaer*, 203 AD2d 835; *Matter of McAllister v County of Nassau*, 202 AD2d 670, 671; *Matter of Morgan v City of Elmira*, 115 AD2d 885, 887, *appeal dismissed* 67 NY2d 905; *compare, Matter of Meredithe C. v Carmel Cent. School Dist.*, *supra*, at 953). As to this latter period, Supreme Court evidently was not persuaded by the assertion of petitioner's mother that she was misled as to whether a claim could be lodged against the District; nor can we say, on this record, that it should have been (*cf., Matter of Salo v Board of Educ.*, 117 AD2d 922, 923-924).

Turning to the question of actual notice, it is petitioner's contention—unconvincing in our view—that though he did not come forward as a victim until 1993, the accusations made by other children, as early as 1991, were sufficient to place the District on notice of the "essential facts" comprising his claim (General Municipal Law § 50-e [5]). The mere fact that other students had complained would, at most, have prompted school officials to inquire of petitioner whether he had also been abused (as they in fact did); as long as he continued to deny having been a victim, however, the District had no reason to engage in further investigation which might have uncovered information tending to discredit petitioner's allegations.

Given petitioner's failure to tender an acceptable excuse for much of the delay, along with the fact that the District was not informed of the events underlying the instant claim until some two years after they had taken place, we are not disposed to say that Supreme Court abused its discretion by denying petitioner's motion (*see, Matter of Jensen v City of Saratoga Springs*, 203 AD2d 863, 864; *Rudd v Andrews*, 199 AD2d 772, 773; *Matter of Bast v County of Clinton*, 173 AD2d 1079, 1079-1080, *lv dismissed* 78 NY2d 1002).

Crew III, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.