■ In the Matter of DARCY REITER et al., Individually and as Parents and Guardians of BRETT REITER, an Infant, Appellants, v CITY OF ONEIDA, Respondent. [663 NYS2d 721] —Cardona, P. J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered July 17, 1996 in Madison County, which denied

the State on that date and, hence, is seeking additional service credits only through March 5, 1978.

petitioners' application pursuant to General Municipal Law § 50-e for leave to file a late notice of claim.

On July 2, 1995, petitioners brought their seven-year-old son to the emergency room of Oneida City Hospital in Madison County, a hospital owned and operated by respondent, as a result of injuries the boy sustained when he fell on his left arm. At the hospital, petitioners' son was diagnosed with a fractured left elbow, his arm was splinted and he was referred for follow-up treatment to a physician at Oneida Orthopedics. Following the treatment, petitioners' son continued to experience pain and, on August 29, 1995, another physician diagnosed him with chronic Monteggia anterior dislocation of the left elbow. As a result, surgery was performed to correct the condition at Crouse-Irving Memorial Hospital on October 5, 1995. In April 1996, petitioners, individually and on behalf of their son, sought leave to file a late notice of claim against respondent based upon the alleged negligent diagnosis and treatment of their son at the hospital. Supreme Court denied the application and petitioners appeal.

In our view, Supreme Court did not improvidently exercise its discretion in denying petitioners' application pursuant to General Municipal Law § 50-e for leave to file a late notice of claim. Among the statutory factors to consider upon such an application are the claimant's infancy and "whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within [90 days] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]), whether the petitioner has offered a reasonable excuse for the delay in making the application and whether the public corporation would be substantially prejudiced if the application was granted (see, General Municipal Law § 50-e [5]; see also, Matter of Doe v Madrid-Waddington Cent. School Dist., 232 AD2d 922, 923; Matter of Cure v City of Hudson School Dist., 222 AD2d 879, 880).

Turning first to the issue of the child's infancy, we note that this factor alone " 'neither deprives the court of its discretion nor requires it to grant an application in every instance' " (Matter of Doe v Madrid-Waddington Cent. School Dist., supra, at 923, quoting Matter of Meredithe C. v Carmel Cent. School Dist., 192 AD2d 952, 953). Significantly, there is no showing in the subject record that petitioners' delay in seeking leave to file a late notice of claim was in any way related to their son's infancy (see, Matter of Matarrese v New York City Health & Hosps. Corp., 215 AD2d 7, 9, lv denied 87 NY2d 810).

Our review of the remaining factors reveals no abuse of

discretion on the part of Supreme Court in denying petitioners' application. We cannot say from the record herein that the medical records in respondent's possession were "sufficient to give respondent[ ] notice of essential medical facts constituting the claim" (*Matter of Moore v Albany County Dept. of Health*, 198 AD2d 691, 692) so as to minimize possible prejudice to respondent (*see, Matter of Caruso v County of Westchester*, 220 AD2d 746; *Matter of Matarrese v New York City Health & Hosps. Corp., supra*, at 11). Furthermore, petitioners have failed to offer a reasonable excuse for their delay in making the application. Notably, petitioners concede that they first became aware that they had a potential claim against respondent in late October or early November 1995, yet no convincing explanation for the ensuing delay was offered. Under the particular circumstances of this case, we cannot conclude that reversal is required.

Mikoll, Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.