■ In the Matter of Delores Bowman, Respondent, v Capital District Transportation Authority, Appellant. [663 NYS2d 727] —Peters, J. Appeal from an order of the Supreme Court (Teresi, J.), entered December 23, 1996 in Albany County, which granted petitioner's application pursuant to General Municipal Law § 50-e for leave to file a late notice of claim.

On January 9, 1996, petitioner was riding as a passenger on a bus owned by respondent when the bus was involved in an accident with another bus. Petitioner suffered back and neck pain as a result of the accident and sought medical treatment the following day. In the ensuing months, she was unable to return to work and underwent physical therapy. During this time, she received no-fault insurance benefits for her lost wages and medical expenses. In November 1996, after learning that she may have a permanent injury which would provide a basis for an action against respondent for personal injuries, petitioner made this application pursuant to General Municipal Law § 50-e for leave to file a late notice of claim. Supreme Court granted the application and this appeal by respondent ensued.

We affirm. Supreme Court is vested with broad discretion in ruling upon applications to file late notices of claim under General Municipal Law § 50-e and its determination will not be disturbed absent a demonstrated abuse of discretion (*see*, *Matter of Doe v Madrid-Waddington Cent. School Dist.*, 232 AD2d 922, 923; *Marolda v Town of Nassau*, 227 AD2d 815, 816). Among the factors for the court to consider are whether the

public entity acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether the petitioner has offered a reasonable excuse for the delay in making the application and whether the public entity would be substantially prejudiced if the application were granted (*see,* General Municipal Law § 50-e [5]; *see also, Matter of Doe v Madrid-Waddington Cent. School Dist., supra,* at 923-924; *Matter of Rekemeyer v Cerone,* 232 AD2d 833).

Here, respondent acquired actual notice of the facts relevant to petitioner's claim almost immediately after the accident when petitioner's attorney notified respondent. Upon such notification, respondent began paying petitioner no-fault insurance benefits. Petitioner's delay in making this application is attributable to the fact that the severity of her injury was not fully ascertained until September 1996 when she was examined by a different doctor. In view of this, as well as respondent's failure to demonstrate that it will be prejudiced by petitioner's filing of a late notice of claim, we conclude that Supreme Court did not abuse its discretion in granting her application.

Mercure, J. P., Crew III, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.