■ In the Matter of DIANE WILSON et al., Appellants, v CITY OF BINGHAMTON, Respondent. [669 NYS2d 731] —White, J. Appeal from an order of the Supreme Court (Coutant, J.), entered September 11, 1996 in Broome County, which denied petitioners' application pursuant to General Municipal Law § 50-e for leave to file a late notice of claim.

Petitioner Diane Wilson (hereinafter petitioner) claims that she sustained injuries on April 28, 1995 when she fell from a jungle gym owned by respondent sustaining multiple fractures of her right leg. On May 14, 1996, following several weeks of hospitalization and several months of confinement to her home in a gradually improving nonambulatory state, petitioner, and her husband derivatively, sought leave to file a late notice of claim against respondent based upon the alleged negligent design and maintenance of the jungle gym. Supreme Court denied the application and petitioners appeal.

In exercising its broad discretion in determining an application pursuant to General Municipal Law § 50-e for leave to file a late notice of claim, Supreme Court may properly consider whether respondent acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether petitioners offered a reasonable excuse for the delay in filing the application and whether granting the application would substantially prejudice respondent (see, General Municipal Law § 50-e; Matter of Doe v Madrid-Waddington Cent. School Dist., 232 AD2d 922).

Here, the police incident report that petitioner filed and respondent received merely stated that petitioner sustained leg injuries when she tripped while stepping off the jungle gym. Inasmuch as the report did not connect the incident with any negligence on the part of respondent or otherwise reveal the nature of the claim, it was insufficient to furnish actual knowledge of the essential facts of the claim (see, Matter of Johnston v Town of Putnam Val. Police Dept., 167 AD2d 612; Caselli v City of New York, 105 AD2d 251). Moreover, having concluded from the report that the accident was not related to any negligence on its part, respondent did not investigate the ac-

cident site. Besides lack of actual notice, respondent's evidence disclosed that it was prejudiced by the delay since the jungle gym was not in the same condition as it was on the date of petitioner's accident. In view of these factors we cannot say that Supreme Court abused its discretion in denying petitioner's application.

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.