■ In the Matter of DEIDRE LACEY, Individually and as Parent and Guardian of DYLAN LACEY, an Infant, Respondent, v VILLAGE OF LAKE PLACID et al., Appellants. [720 NYS2d 640] —Mercure, J. Appeal from an order of the Supreme Court (Dawson, J.), entered January 26, 2000 in Essex County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

On April 21, 1998, Dylan Lacey's father dropped him off at the Lake Placid Central School in the Village of Lake Placid, Essex County, at the beginning of the school day. As Dylan crossed Cummins Road toward the school building, he was struck by a vehicle owned and operated by Peter LaRock, sustaining multiple fractures of his right leg. The fractures were treated by means of closed reduction and casting and no-fault benefits were paid by LaRock's auto insurer. After a long course of physical therapy and approximately one year following the accident, petitioner became aware that the fractures were not healing properly and that surgery may be required. Discussions with LaRock's insurer disclosed that it would pay a maximum of $25,000 for any claims arising out of the accident. Petitioner therefore consulted an attorney on April 20, 1999 and was advised for the first time of a potential basis for liability against respondents and also of the legal requirement that a notice of claim be filed within 90 days of the accident. On April 30, 1999, petitioner made application for leave to file a late notice of claim. Supreme Court granted the application, and respondents appeal.

Fundamentally, a trial court has broad discretion to determine whether to grant permission to file a late notice of claim under General Municipal Law § 50-e (*see, Matter of Hunt v County of Madison*, 261 AD2d 695; *Matter of Bowman v Capital Dist. Transp. Auth.*, 244 AD2d 638). In making that determination, it may consider many factors, including whether the respondent had actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether the petitioner has set forth a reasonable excuse for the delay and the degree of prejudice to the respondent if the application were granted (*see*, General Municipal Law § 50-e [5]; *Matter of Wilson v City of Binghamton*, 248 AD2d 780; *Matter of Doe v Madrid-Waddington Cent. School Dist.*, 232 AD2d 922, 923). This Court has also recognized a petitioner's inability to initially ascertain the severity of his or her injuries as a valid excuse for failing to file a timely notice of claim (*see, Matter of Bowman v Capital Dist. Transp. Auth., supra*, at 639).

In this case, although we fail to see how Dylan's infancy served as a contributing factor, we conclude that petitioner's inability to initially ascertain the full extent of his injuries, or at least the treatment required therefor, constituted a reasonable excuse for the one-year delay in filing a notice of claim. Nor are we inclined to disturb Supreme Court's exercise of discretion as it related to the elements of actual notice and lack of prejudice. The record makes it clear that employees and officials of respondent Lake Placid Central School District and respondent Village of Lake Placid were immediately aware of the essential facts underlying the accident. Further, in view of the uncontroverted averment that there have been no significant changes in the configuration of Cummins Road near the entrance to the school since the date of the accident, we cannot see how the delay would interfere with respondents' ability to investigate and prepare a defense (*see, Matter of Edwards v Town of Delaware*, 115 AD2d 205, 206). Finally, contrary to the Village's argument, we are not convinced that petitioner's claim is patently meritless.

Cardona, P. J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.