■ In the Matter of WILLIAM HAYES, as Parent and Guardian of MICHAEL HAYES, an Infant, Respondent, v PERU CENTRAL SCHOOL DISTRICT, Appellant. [722 NYS2d 104] —Mugglin, J. Appeal from an order of the Supreme Court (Dawson, J.), entered July 3, 2000 in Clinton County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

On September 30, 1999, Michael Hayes (hereinafter the infant) was in the technology classroom at one of respondent's schools with the permission of his teacher, but without supervision from any of respondent's employees. As the infant attempted to cut a piece of sheet metal, the shearing machine tipped off the table. When he attempted to catch it, one of the legs on the machine severely lacerated the four fingers on the infant's left hand, also tearing several tendons and fracturing one of his fingers. The school nurse, recognizing the severity of the injuries, called an ambulance which transported the infant to the hospital where the injuries were surgically repaired the following day. On February 22, 2000, petitioner filed an application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Supreme Court granted the application and respondent appeals.

We affirm. Supreme Court has broad discretion to permit service of the late notice of claim (*see, Matter of Kelli A. v Galway Cent. School Dist.*, 241 AD2d 883) and in the absence of an abuse of such discretion, its determination will not be disturbed (*see, Matter of Jensen v City of Saratoga Springs*, 203 AD2d 863). In exercising its discretion, the court is guided by the provisions of General Municipal Law § 50-e (5). "Among the statutory factors to consider upon such an application are the claimant's infancy and 'whether the public corporation * * * acquired actual knowledge of the essential facts constitut-

ing the claim within [90 days] or within a reasonable time thereafter' (General Municipal Law § 50-e [5]), whether the petitioner has offered a reasonable excuse for the delay in making the application and whether the public corporation would be substantially prejudiced if the application was granted" (*Reiter v City of Oneida*, 244 AD2d 629, 630 [citation omitted]).

In this case, there is no question that the infant was 15 years of age at the time of the accident. Moreover, respondent makes no claim of prejudice by reason of the late filing of the notice. Instead, respondent argues that it made no investigation of the essential facts until after the motion was served for permission to file a late notice (or on or about March 30, 2000), that the excuse offered for the failure to file the notice of claim within 90 days is insufficient, and that evidence of a postaccident remedial act is inadmissible at trial and is not evidence of an investigation of the essential facts. We find these arguments to be unavailing.

First, the statute does not require that the municipality acquire actual knowledge of the essential facts within the first 90 days since it specifically provides "or within a reasonable time thereafter." Moreover, respondent had immediate notice through its nurse that the accident had occurred and the detailed affidavit of the school principal, submitted in opposition to the application for permission to file the late notice, demonstrates that respondent had actual knowledge of all of the essential facts surrounding this occurrence. In addition, this injury was sufficiently serious to have alerted respondent to the advisability of making a thorough investigation (*see, Welsh v Berne-Knox-Westerlo Cent. School Dist.*, 103 AD2d 950, 951).

Next, while we agree with respondent that evidence of post-accident repair—respondent fastened or "tied down" the table on which the shearing machine sat—would be inadmissible at trial to prove respondent's negligence, we disagree with respondent that it is not relevant to the issue of timely investigation of the happening of the accident. It was therefore properly considered by Supreme Court in the exercise of its discretion in granting this application (*cf., Mahan v Board of Educ.*, 269 AD2d 834; *Fenton v County of Dutchess*, 148 AD2d 573; *Fahey v County of Nassau*, 111 AD2d 214).

Further, we disagree with respondent's contention that the excuse offered was insufficient. Petitioner did not retain counsel until he feared his medical insurance annual benefits would be insufficient to cover the medical costs and when he also learned that the infant's injuries may be permanent. We have previ-

ously held such excuses to be sufficient (see, Welsh v Berne-Knox-Westerlo Cent. School Dist., supra).

Finally, we note that the proposed notice of claim and the application to permit late filing thereof make no reference to any derivative claim on behalf of petitioner, individually. Supreme Court's decision and our review (notwithstanding petitioner's unilateral amendment of the caption of this action on his brief and counsel's assertion at oral argument of petitioner's intention to have asserted such derivative claim) are limited solely to the claim made on behalf of the infant.

Crew III, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.