■ In the Matter of OLI CURIEL, as Mother and Guardian of FELIX GARCIA, an Infant, Appellant, v TOWN OF THURMAN, Respondent. [734 NYS2d 320] —Peters, J. Appeal from an order of the Supreme Court (Sheridan, J.), entered January 10, 2001 in Warren County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

On July 5, 1998, on River Road in the Town of Thurman, Warren County, Felix Garcia, an infant, was seriously injured when the vehicle in which he was a passenger lost control and struck a tree as the roadway curved and changed from a paved surface to a dirt surface. By August 13, 1998, counsel for petitioner, the infant's mother, filed no-fault and motor vehicle accident indemnification claims on the infant's behalf. At approximately the same time, counsel received a copy of the police accident report in which a cursory description of the accident was noted.* Counsel for petitioner contended that he first learned that there were two road surfaces involved in the area of the accident when he received a letter, dated December 31, 1998, from his private investigator. He thereafter requested and received the complete investigatory file from the State Police and attempted to obtain a videotape of the accident scene. By letter dated April 7, 1999 from the State Police, counsel received the investigatory report which further detailed the change in road surface and the speed at which the vehicle was traveling. On December 17, 1999, counsel for petitioner learned that respondent had changed the road surface by extending the paved portion.

Approximately 20 months after the accident and 15 months since the receipt of the letter from the private investigator, petitioner commenced this proceeding seeking leave to serve a late notice of claim. Petitioner appeals from the denial of that motion.

---

* The report described the accident as follows: "Veh. 1 [southbound] on River Rd. Operator lost control of veh. 1 on dirt rd and drove off east side of roadway striking a tree."

We affirm. A trial court is vested with broad discretion to determine whether leave to file a late notice of claim should be granted (*see, Matter of Hayes v Peru Cent. School Dist.*, 281 AD2d 794, 794; *Matter of Lacey v Village of Lake Placid*, 280 AD2d 863, 863). Its determination is guided by factors set forth under General Municipal Law § 50-e (5), which include "whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within [90 days] or within a reasonable time thereafter." While petitioner contends that respondent's employees were at the scene of the accident and had conducted an investigation thereof, the record is devoid of evidence to support this significant assertion. Police personnel present at the scene were employees of the State and the County. Moreover, it is settled that " 'knowledge of a police officer or of a police department cannot be considered actual knowledge of the public corporation itself regarding the essential facts of a claim' " (*Matter of Leiblein v Clark*, 207 AD2d 348, 350, quoting *Matter of Caselli v City of New York*, 105 AD2d 251, 255; *see, O'Dell v Town of Greenport*, 97 AD2d 887, 888). While members of the local fire department and rescue squad were also present, the affidavit of John Haskell, respondent's Supervisor, confirmed that each of the aforementioned services are provided by contract with entities separate and distinct from respondent. In any event, because the police accident report failed to even mention a change in roadway conditions, design defects or other possible causes of the accident which could have connected the accident with any negligence on the part of the municipality or otherwise reveal the nature of this claim, no knowledge can be imputed to respondent (*see, Matter of Leiblein v Clark, supra*, at 350; *see also, Matter of Wilson v City of Binghamton*, 248 AD2d 780; *Matter of Caselli v City of New York, supra*, at 257-258; *cf., Mestel v Board of Educ. of City of Yonkers*, 90 AD2d 809).

With no basis supporting any claim that the delay was related to the child's infancy (*see*, General Municipal Law § 50-e [5]; *Matter of Reiter v City of Oneida*, 244 AD2d 629, 630; *Matter of Ford v Town of Guilderland*, 85 AD2d 868, 868-869), since other claims were timely filed, Supreme Court's denial of petitioner's application was entirely proper when further considering the significant prejudice which would have enured to respondent due to its later resurfacing of the roadway (*see*, General Municipal Law § 50-e [5]; *Matter of Wilson v City of Binghamton, supra*, at 780; *see also, Matter of Leiblein v Clark, supra*, at 350; *O'Dell v Town of Greenport, supra*, at 888; *compare, Matter of Welch v Board of Educ.*, 287 AD2d 761; *Matter of Hayes v Peru Cent. School Dist.*, 281 AD2d 794, *supra*;

*Matter of Lacey v Village of Lake Placid*, 280 AD2d 863, *supra*; *Matter of Reiter v City of Oneida*, 244 AD2d 629, *supra*).

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.