■ In the Matter of EDWIN ELMORE, Appellant, v PLAINVIEW-OLD BETHPAGE CENTRAL SCHOOL DISTRICT, Respondent. [750 NYS2d 514] —In a proceeding pursuant to CPLR article 75 and Education Law § 3020-a to review a determination of a Hearing Officer, dated April 9, 2001, which, after a hearing, found the petitioner, Edwin Elmore, guilty of misconduct and terminated his employment with the respondent Plainview-Old Bethpage Central School District, the petitioner appeals from an order of the Supreme Court, Nassau County (Jonas, J.), entered September 10, 2001, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The Supreme Court properly confirmed the Hearing Officer's

determination since the petitioner did not demonstrate any basis for vacating it under CPLR 7511 (*see* Education Law § 3020-a [5]; *Matter of Board of Educ. of Great Neck Union Free School Dist. v Brandman,* 286 AD2d 735; *Matter of Roemer v Board of Educ. of City School Dist. of City of N.Y.,* 268 AD2d 479). The Hearing Officer's determination had a rational basis and was supported by the record (*see Matter of Fischer v Smithtown Cent. School Dist.,* 262 AD2d 560).

The Supreme Court also properly determined that the petitioner was entitled to be paid only for the first 15 months of his suspension pending the completion of the disciplinary process pursuant to the terms of the applicable collective bargaining agreement (*see Matter of Adlerstein v Board of Educ.,* 64 NY2d 90, 98; *Matter of Board of Educ. of City of Rochester v Nyquist,* 48 NY2d 97, 102). Under the circumstances of this case, the penalty of dismissal was justified (*see Matter of Boyea v Board of Educ.,* 209 AD2d 852).

The petitioner's remaining contentions are without merit. Santucci, J.P., McGinity, Luciano and Schmidt, JJ., concur.