Egan Jr.,
J. Appeal from an order of the Supreme Court (Lambert, J.), entered July 19, 2013 in Delaware County, which granted plaintiffs application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.
Plaintiff (born in March 1994) alleges that between December 2010 and March 2011, while he was a student at defendant O’Neill High School, he was sexually harassed and/or abused by a teacher at the school, defendant Stephanie Fletcher, who then was employed by defendant Walton Central School District. According to plaintiff, at some point during the winter academic break in December 2010, Fletcher began sending him explicit photos and text messages and, in January 2011, Fletcher brought school work to plaintiff’s home, at which time some sort of sexual contact between the two occurred. All in all, plaintiff testified to a total of six sexual encounters with Fletcher — including one act of sexual intercourse — between January 2011 and March 2011. Although physical contact between Fletcher and plaintiff ceased in March 2011, Fletcher al *1062 legedly continued to text plaintiff until he graduated in June 2012.
In the interim, in October 2011, a teacher at the high school overheard a conversation between two students intimating that there was some sort of an inappropriate sexual relationship between Fletcher and plaintiff. The teacher reported the conversation to the high school principal, Michael MacDonald, who, in turn, spoke separately with Fletcher and plaintiff. Both Fletcher and plaintiff adamantly denied that any such encounter had taken place or relationship existed. MacDonald also spoke with the two students in question, both of whom indicated that they did not have any proof to substantiate their claim. Indeed, according to MacDonald, plaintiff indicated that the subject students were spreading rumors about him because he recently had broken off a relationship with one of them. Nonetheless, MacDonald made further inquiries of Fletcher — accompanied by her union representative — in November 2011 and early December 2011, at which time Fletcher again denied that any improper conduct occurred or that any relationship with plaintiff existed. According to MacDonald, there were no additional reports regarding Fletcher’s rumored relationship or activities with plaintiff until June 2012 or July 2012 when plaintiff approached MacDonald, admitted that he previously had lied in response to MacDonald’s inquiries and disclosed the underlying abuse.
Following an investigation by the school district, Fletcher resigned and, in November 2012, was arrested and charged with, among other things, various sex crimes. Thereafter, in February 2013, plaintiff commenced this action by filing and serving a summons with notice and, in conjunction therewith, applied for leave to serve a late notice of claim. Supreme Court granted plaintiffs application, and this appeal by the high school and the school district (hereinafter collectively referred to as defendants) ensued.
An application for leave to file a late notice of claim is a matter committed to Supreme Court’s discretion (see e.g. Matter of Reinemann v Village of Altamont, 112 AD3d 1264, 1265 [2013]; Matter of Hinton v New Paltz Cent. School Dist, 50 AD3d 1414, 1415 [2008]) — provided such application is made prior to the expiration of the one year and 90-day statute of limitations (see General Municipal Law §§ 50-e, 50-i [1] [c]; Mindy O. v Binghamton City School Dist., 83 AD3d 1335, 1336 [2011]). “Where . . . the putative [plaintiff] is an infant, the statute of limitations is tolled until his or her 18th birthday” (Matter of Conger v Ogdenshurg City School Dist., 87 AD3d 1253, 1254 [2011] [internal quotation marks and citation omitted]; see *1063 Mindy O. v Binghamton City School Dist., 83 AD3d at 1336; Matter of Hinton v New Paltz Cent. School Dist., 50 AD3d at 1415). Here, inasmuch as the underlying application was brought within one year and 90 days of plaintiffs 18th birthday in March 2012, there is no question that the application was timely.
As to the merits, “[i]n determining whether to permit service of a late notice of claim, the court must consider all relevant facts and circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, (2) the [plaintiff] was an infant at the time the claim arose and, if so, whether there was a nexus between the [plaintiffs] infancy and the failure to serve a timely notice of claim, (3) the [plaintiff] demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits” (Matter of Sparrow v Hewlett-Woodmere Union Free Sch. Dist. [#14], 110 AD3d 905, 906 [2013]; see Matter of Lewis v East Ramapo Cent. Sch. Dist., 110 AD3d 720, 721 [2013]; Matter of Euson v County of Tioga, N.Y., 94 AD3d 1279, 1280 [2012]; Matter of Conger v Ogdensburg City School Dist., 87 AD3d at 1254).[1] Although no one factor is determinative (see Matter of Cornelius v Board of Educ. of Delhi Cent. School Dist., 77 AD3d 1048, 1049 [2010]; Matter of Hubbard v County of Madison, 71 AD3d 1313, 1314-1315 [2010]), the case law makes clear that actual knowledge “is a factor which should be accorded great weight” (Matter of Stenowich v Colonie Indus. Dev. Agency, 151 AD2d 894, 895 [1989], lv denied 74 NY2d 615 [1989]; see Dalton v Akron Cent. Schools, 107 AD3d 1517, 1518-1519 [2013], affd 22 NY3d 1000 [2013]; Plaza v New York Health & Hosps. Corp. [Jacobi Med. Ctr.], 97 AD3d 466, 468 [2012], affd 21 NY3d 983 [2013]; Matter of Ambrico v Lynbrook Union Free School Dist., 71 AD3d 762, 763 [2010]; see also Matter of Candino v Starpoint Cent. Sch. Dist., 115 AD3d 1170, 1171 [2014]).[2] Notably, actual knowledge of the essential facts underlying the claim requires more than “mere notice of *1064 the underlying occurrence” (Matter of Candino v Starpoint Cent. Sch. Dist., 115 AD3d at 1171 [internal quotation marks and citations omitted]) and the fact that some sort of injury occurred (see Matter of Sparrow v Hewlett-Woodmere Union Free Sch. Dist. [#14], 110 AD3d at 907; Matter of Ryan v New York City Tr. Auth., 110 AD3d 902, 903-904 [2013]; Matter of Joseph v City of New York, 101 AD3d 721, 722 [2012]; Matter of Conger v Ogdensburg City School Dist., 87 AD3d at 1255; Folmar v Lewiston-Porter Cent. School Dist., 85 AD3d 1644, 1645 [2011]).
Here, the record reflects — at best — that defendants learned of a rumored relationship between plaintiff and Fletcher in October 2011, at which time MacDonald separately confronted each of the alleged participants. Both Fletcher and plaintiff steadfastly denied that anything inappropriate had transpired between them. MacDonald then followed up with Fletcher on two subsequent occasions, and it appears that plaintiff also discussed the matter with an assistant principal at the high school, during which conversation he again denied that anything inappropriate had occurred.[3] Following his separate discussions with Fletcher and plaintiff, MacDonald testified, he received no further reports of any improprieties regarding Fletcher until plaintiff disclosed the abuse at the end of the 2012 school year— more than one year after the last sexual contact between Fletcher and plaintiff occurred.
To the extent that plaintiff now contends that other teachers at the high school were aware of his physical and texting relationship with Fletcher “for a good year” before he ultimately disclosed the abuse to MacDonald, this allegation is of little aid to plaintiff in terms of satisfying the actual knowledge prong of the late notice of claim test. Even assuming that the teachers in question possessed more than a generalized awareness of either plaintiffs asserted sexual relationship with Fletcher (including the fact that such relationship allegedly occurred when defendant was 16 years old) or the ongoing and purportedly explicit text messages sent by her (see generally Matter of Reinemann v Village of Altamont, 112 AD3d at 1265), and that such knowledge, in turn, could be imputed to defendants (see generally Matter of Franco v Town of Cairo, 87 AD3d 799, 800 [2011]), the fact remains that defendants were alerted to the rumored *1065 relationship in October 2011, questioned the alleged participants, determined the rumor to be unfounded and received no additional information regarding the asserted relationship until plaintiff disclosed the abuse at the end of the 2012 school year (cf. Conklin v Saugerties Cent. Sch. Dist., 106 AD3d 1424, 1427 [2013]; Matter of Doe v Madrid-Waddington Cent. School Dist., 232 AD2d 922, 924 [1996]). Simply put, “as long as [plaintiff] continued to deny having been a victim, . . . [defendants] had no reason to engage in further investigation” (Matter of Doe v Madrid-Waddington Cent. School Dist., 232 AD2d at 924) that potentially could have disclosed the nature of — and the essential facts underlying — the claim now asserted. Under these circumstances, we cannot say that plaintiff established that defendants acquired actual knowledge of the essential facts within 90 days of the accrual of plaintiffs claim or a reasonable time thereafter.
Further, even assuming that plaintiffs infancy — coupled with Fletcher’s alleged threats of suicide if plaintiff disclosed the abuse — are sufficient to excuse plaintiffs failure to report the underlying abuse and timely file his notice of claim in the first instance (see Mindy O. v Binghamton City School Dist., 83 AD3d at 1338; Matter of Doe v Madrid-Waddington Cent. School Dist., 232 AD2d at 923-924), plaintiff has offered no persuasive explanation for either the nearly one-year delay between the time he reached the age of majority in March 2012 and his application for leave to file a late notice of claim in February 2013 (see Matter of Lewis v East Ramapo Cent. Sch. Dist., 110 AD3d at 721; Pryor v Serrano, 305 AD2d 717, 719-720 [2003]; compare Doe v North Tonawanda Cent. School Dist., 88 AD3d 1289, 1289 [2011], lv dismissed 19 NY3d 838 [2012]) or the at least seven-month delay between his disclosure of the abuse to MacDonald at the end of the 2012 school year and his filing of the underlying application the following spring. Accordingly, even assuming that defendants have not been substantially prejudiced by the resulting delay, such delay — together with defendants’ lack of actual knowledge of the essential facts constituting the claim within a reasonable time of the accrual thereof (see Matter of Reinemann v Village of Altamont, 112 AD3d at 1266; Matter of Heffelfinger v Albany Intl. Airport, 43 AD3d at 538) — leads us to conclude that Supreme Court improvidently exercised its discretion in granting plaintiff leave to serve a late notice of claim. In light of this conclusion, we need not address defendants’ alternative ground for denying plaintiffs application — namely, that the underlying claim is patently meritless.
Stein, J.E, McCarthy, Lynch and Clark, JJ., concur.
Ordered *1066 that the order is reversed, on the law, without costs, and application denied.

. Based upon the factual allegations and theories of liability set forth in plaintiffs proposed notice of claim, we deem plaintiffs claim to have accrued no later than the last sexual encounter with Fletcher in March 2011.

. Indeed, this Court previously has held that, absent a showing “that the [defendant] acquired knowledge of the claim within a reasonable time, it is an improvident exercise of discretion to grant the application [to serve a late notice of claim] . . . even in the absence of substantial prejudice” (Matter of Heffelfinger v Albany Intl. Airport, 43 AD3d 537, 538 [2007]; see Matter of Reinemann v Village of Altamont, 112 AD3d at 1266).

. Plaintiff did not specifically recall the conversation with the assistant principal, but he testified at the underlying hearing that, when he finally disclosed the abuse to MacDonald at the end of the 2012 school year, MacDonald stated, “[Y]ou lied to me and [the assistant principal],” leading plaintiff to conclude that he actually had two conversations with high school officials regarding this matter.