■ In the Matter of PETER C. JENSEN et al., Appellants, v CITY OF SARATOGA SPRINGS, Respondent. [611 NYS2d 330] —Cardona, P. J. Appeal from an order of the Supreme Court (Brown, J.), entered May 13, 1993 in Saratoga County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

On March 23, 1992, petitioner was injured when he fell on a patch of ice and snow on the sidewalk in front of 368 Broadway in the City of Saratoga Springs, Saratoga County. On April 8, 1993, petitioner commenced a personal injury action against the abutting landowner. On April 15, 1993, petitioner moved for permission to file a late notice of claim against respondent. Supreme Court denied petitioner's application. Petitioner appeals.

Absent an abuse of discretion, Supreme Court's determination of an application to file a late notice of claim will not be disturbed *(see, Bowman v Campbell,* 193 AD2d 921, 922, *lv denied in part, lv dismissed in part* 82 NY2d 740; *Matter of Johnston v Town of Putnam Val. Police Dept.,* 167 AD2d 612). Among the statutory factors to be considered in deciding this type of application are the reason for the delay, whether the public corporation obtained actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or shortly thereafter, whether the petitioner was inca-

pacitated during the 90-day period and whether the public corporation will be prejudiced by the delay (see, General Municipal Law § 50-e [5]; *Matter of Donald E. v Gloversville Enlarged School Dist.,* 191 AD2d 749, 750; *Matter of Howe v Village of Trumansburg,* 169 AD2d 1018, 1018-1019). No one factor is dispositive (see, *Matter of Esposito v Carmel Cent. School Dist.,* 187 AD2d 854, 855; *Rechenberger v Nassau County Med. Ctr.,* 112 AD2d 150, 152). As petitioner's attorney candidly admits, he initially assumed, based upon his review of the liability shifting provisions of the Administrative Code for the City of Saratoga Springs, that liability rested solely with the abutting landowner. Because the record does not show that petitioner's attorney lacked timely access to the facts underlying respondent's potential liability, the failure to comply with the provisions of General Municipal Law § 50-e does not amount to an excusable "law office failure" (see, *Chattergoon v New York City Hous. Auth.,* 161 AD2d 141, *affd* 78 NY2d 958).

Petitioner's contention that he was incapacitated, causing delay, is not borne out by the medical proof in the record. The Workers' Compensation Board "Attending Doctor's Report", dated December 30, 1992 and offered by petitioner in support of this claim, only establishes that petitioner was disabled from employment, not incapacitated to the extent that he could not pursue his legal remedies against respondent by retaining or effectively communicating with counsel. Additionally, during the period of the delay, petitioner did pursue his personal injury claim against the abutting landowner by retaining counsel, engaging in settlement negotiations with the landowner's insurance company and later commencing an action.

Although petitioner's failure to allege a reasonable excuse for the delay is not necessarily fatal to his application (see, *Rudd v Andrews,* 199 AD2d 772; *Matter of Esposito v Carmel Cent. School Dist., supra),* petitioner's proof on the other factors is also wanting. Petitioner relies upon the letter sent by the abutting landowner's insurer to respondent's Commissioner of Public Works to establish that respondent had actual knowledge of the claim within the statutory period. We disagree. The letter was inadequate to provide notice of an essential fact constituting the claim, i.e., it failed to describe the location of the occurrence with sufficient particularity (see, *Caselli v City of New York,* 105 AD2d 251, 253). The statement in the letter that petitioner fell "in the vicinity of Phila Street

and Broadway" was too vague to enable respondent to locate the *sidewalk* on which petitioner fell.

Given the length of the delay (13 months after the occurrence), the absence of a reasonable excuse for the delay and respondent's lack of actual knowledge of the essential facts constituting the claim, we hold that Supreme Court did not abuse its discretion in denying petitioner's application.

Mercure, White, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.