■ In the Matter of STEVEN D. WELCH, SR., as Parent and Guardian of STEVEN D. WELCH, II, an Infant, Appellant, v BOARD OF EDUCATION OF SARATOGA CENTRAL SCHOOL DISTRICT, Respondent. [731 NYS2d 94] —Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered October 6, 2000 in Saratoga County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

Petitioner's 14-year-old son, Steven, was injured when one of his teammates struck him in the back during freshman football practice at Saratoga Junior High School on November 1, 1997. Three coaches allegedly witnessed this incident. The team's trainer examined Steven and diagnosed a pulled muscle. Steven alleges that approximately one week later, he prepared an accident report and provided it to a coach who had witnessed the incident and previously advised him to file a report. Steven subsequently missed the majority of the next football game and one week of practice, and was "ejected from wrestling practice" in December 1997 because of the injury. Steven was examined by a physician for the first time in May 1998 and, after being examined by several other physicians, he underwent spinal fusion surgery in December 1998.

Petitioner retained counsel in September 1999 and applied for leave to file a late notice of claim on behalf of Steven the following month.* Supreme Court denied the application concluding that although respondent arguably had sufficient knowledge of the factual basis of petitioner's claim, petitioner's ignorance of the notice requirement did not excuse his failure

---

* We note that no application for leave to file a late notice of claim was filed on behalf of petitioner individually, which, in any event, would be time barred (*see, e.g., Matter of Welsh v Berne-Knox-Westerlo Cent. School Dist.,* 103 AD2d 950, 951).

to file the notice in a timely fashion. Petitioner appeals and we reverse.

A tort action against a school district can be prosecuted only if a notice of claim is "made and served in compliance with" General Municipal Law § 50-e (Education Law § 3813 [2]), which requires that notice be served "within ninety days after the claim arises" (General Municipal Law § 50-e [1] [a]). However, courts are vested with discretion to extend the service time and permit a petitioner to file a late notice of claim if application is made before the expiration of the one year and 90-day Statute of Limitations (see, General Municipal Law § 50-e [5]; § 50-i [1] [c]). But where the petitioner is an infant, as in this case, the Statute of Limitations is tolled until his or her 18th birthday (see, CPLR 208; *Matter of Drozdzal v Rensselaer City School Dist.*, 277 AD2d 645).

Accordingly, the instant application was timely made and, in determining whether to exercise its discretion, Supreme Court was required to consider all relevant factors including (1) whether the petitioner presented a reasonable excuse for the delay, (2) whether the school district or its agents "acquired actual knowledge of the essential facts constituting the claim within [90 days after the claim arose] * * * or within a reasonable time thereafter," (3) whether the petitioner is an infant, and (4) "whether the delay in serving the notice of claim substantially prejudiced the [school district] in maintaining its defense on the merits" (General Municipal Law § 50-e [5]; *see, Matter of Scuteri v Watkins Glen Cent. School Dist.*, 261 AD2d 779, 779-780; *Matter of Salyer v Valley Cent. School Dist.*, 163 AD2d 782, 783, *lv denied* 78 NY2d 851; *see also, Matter of Beary v City of Rye*, 44 NY2d 398, 407). "Absent an abuse of discretion, Supreme Court's determination of an application to file a late notice of claim will not be disturbed" (*Matter of Jensen v City of Saratoga Springs*, 203 AD2d 863 [citations omitted]; *see, Matter of Scuteri v Watkins Glen Cent. School Dist.*, *supra*, at 780).

Supreme Court denied petitioner's application because his "proffered excuse, ignorance of the notice requirement, has repeatedly been held to be inadequate." Although it is true that "petitioner's mere ignorance of the notice requirement does not constitute an acceptable excuse for [his] failure to timely file a notice of claim" (*Matter of Gizzi v City of Troy*, 210 AD2d 644, 645), it is also well settled that "petitioner's failure to allege a reasonable excuse for the delay is not necessarily fatal to his application" (*Matter of Jensen v City of Saratoga Springs*, *supra*, at 864; *see, e.g., Matter of Krohn v Berne-Knox-*

*Westerlo Cent. School Dist.*, 168 AD2d 826, 826-827) because "[n]o one factor is dispositive of the issue" (*Matter of Esposito v Carmel Cent. School Dist.*, 187 AD2d 854, 855).

Supreme Court's decision also indicates that it considered respondent's knowledge of the factual predicate of petitioner's claim and petitioner's excuse for failing to timely file the notice of claim. Significantly, however, the decision does not discuss whether a late notice of claim would substantially prejudice respondent, a factor that the court was statutorily obligated to consider (*see*, General Municipal Law § 50-e [5]).

After reviewing the record in this case and considering all of the statutory factors, we conclude that Supreme Court abused its discretion in denying petitioner's application. Although petitioner concedes that his failure to timely file the notice of claim was at least partially due to his ignorance of the law, the record indicates that his inability to initially ascertain the full extent of Steven's injuries was also a factor and constitutes a reasonable excuse for the delay in filing the notice of claim, up to the time that surgery was performed in December 1998 (*see, Matter of Lacey v Village of Lake Placid*, 280 AD2d 863; *Matter of Cure v City of Hudson School Dist.*, 222 AD2d 879, 880; *Matter of Lamica v Malone Cent. School Dist.*, 180 AD2d 885, 886). Although the 10-month delay from the date of surgery to October 1999 when petitioner moved for leave to file a late notice of claim is unexcused, we nevertheless conclude that this delay does not warrant rejection of petitioner's application because his "failure to proffer an excuse for the delay or to establish that it was the product of his [son's] infancy is not fatal in cases * * * where the [school district] has received contemporaneous knowledge of the facts alleged in the claim and has not been substantially prejudiced by the delay" (*Matter of Scuteri v Watkins Glen Cent. School Dist.*, 261 AD2d 779, 780, *supra*; *see also, Matter of Drozdzal v Rensselaer City School Dist.*, 277 AD2d 645, 646, *supra*).

Respondent's agents—who witnessed the incident, investigated Steven's injuries, provided him with medical treatment and had the opportunity to further investigate the extent of his injuries by sending him to a hospital—had immediate, actual knowledge of the essential facts of the incident (*see, Matter of Esposito v Carmel Cent. School Dist.*, 187 AD2d 854, 855, *supra*; *see also, Matter of Cure v City of Hudson School Dist.*, *supra*, at 880; *Matter of Welsh v Berne-Knox-Westerlo Cent. School Dist.*, 103 AD2d 950, 951; *Coonradt v Averill Park Cent. School Dist.*, 75 AD2d 925, 926; *Matter of Matey v Bethlehem Cent. School Dist.*, 63 AD2d 807). Moreover, Steven's mother was al-

legedly contacted by school nurses on a number of occasions beginning in January 1998 and informed that Steven's back pain was so debilitating that he required pain medication or needed to leave school early. In addition, when petitioner discussed the incident with Steven's guidance counselor in April 1998, the counselor allegedly informed petitioner that he "would never be able to prove any case against [respondent]" and attempted to discourage petitioner from pursuing litigation. This allegation, if true, tends to demonstrate that respondent also had actual knowledge of the possibility of a tort action prior to the December 1998 surgery.

Respondent asserts, however, that it will suffer substantial prejudice if petitioner's application is granted because it "has been denied an opportunity to conduct its own evaluation of [Steven's] condition" and "individual memories as to what transpired clearly would have faded" since the incident occurred. We disagree. First, "even at this stage, there is no indication that respondent, through the proper exercise of discovery, cannot obtain complete information concerning the history, nature and extent of [Steven's] injury" (*Matter of Welsh v Berne-Knox-Westerlo Cent. School Dist., supra*, at 951). Furthermore, respondent does not assert that the coaches who witnessed the incident or the trainer who initially examined Steven and allegedly misdiagnosed his injury are unavailable as sources of information at this point in time (*cf., Matter of Scuteri v Watkins Glen Cent. School Dist.*, 261 AD2d 779, 780, *supra*) and the record is devoid of evidence, such as affidavits from those individuals, to support the claim that memories of potential witnesses have faded so much that respondent's ability to maintain a defense has been unduly undermined. Therefore, in the absence of any proof of substantial prejudice, petitioner's application to file a late notice of claim should have been granted.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, and application granted.