■ In the Matter of ZACHARY LANPHERE et al., as Parents and Guardians of ROBYN LANPHERE, an Infant, Respondents, v COUNTY OF WASHINGTON et al., Appellants. [754 NYS2d 125] —Spain, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered October 26, 2001 in Washington County, which partially granted petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

Petitioners are the parents of Robyn Lanphere (hereinafter the infant), born May 31, 1995. Petitioners began residing at 13 Division Street in the Village of Whitehall, Washington County, in December 1991 and continued to live there until

July 1999. In May 1996, the infant was referred to a Washington County Public Health nurse and determined to have elevated levels of lead in her blood. She was then referred to respondent Washington County Department of Public Health where she received follow-up treatment. In January 1997, respondent County of Washington acquired the subject premises through a tax foreclosure proceeding. Thereafter, the Department of Health conducted a lead contamination investigation at the property and, in April 1997, notified the County of the lead hazards requiring abatement. The County sold the property in July 1997.

In July 2001, when the infant was six years old, petitioners brought the instant application for permission to file a late notice of claim against the County pursuant to General Municipal Law § 50-e. In their application, petitioners claimed injuries to themselves and the infant based upon alleged exposure to lead-based paint and lead-contaminated water at the Division Street property. Supreme Court denied the application with respect to the individual petitioners, but granted it with respect to the infant. Respondents appeal.

It is well settled that Supreme Court has broad discretion in deciding whether to grant an application for leave to file a late notice of claim pursuant to General Municipal Law § 50-e, providing the application is made prior to the expiration of the one year and 90-day statute of limitations (*see Matter of Lacey v Village of Lake Placid*, 280 AD2d 863, 863; *Matter of Drozdzal v Rensselaer City School Dist.*, 277 AD2d 645, 645; *Matter of Scuteri v Watkins Glen Cent. School Dist.*, 261 AD2d 779, 779; *see also* General Municipal Law § 50-e [5]). Where, as here, the putative plaintiff is an infant, the statute of limitations is tolled until his or her 18th birthday and, thus, the instant application was timely made as to the infant (*see Matter of Drozdzal v Rensselaer City School Dist., supra* at 645). Among the many factors for the trial court to consider in exercising its discretion are: "whether the respondent had actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether the petitioner has set forth a reasonable excuse for the delay and the degree of prejudice to the respondent if the application were granted" (*Matter of Lacey v Village of Lake Placid, supra* at 863; *see* General Municipal Law § 50-e [5]; *Matter of Welch v Board of Educ. of Saratoga Cent. School Dist.*, 287 AD2d 761, 762).

Initially, we are unpersuaded by petitioners' contention that the delay in making their application is attributable to a change in the law following the Court of Appeals' decision in

*Henry v City of New York* (94 NY2d 275, *revg* 244 AD2d 93) and their retention of new counsel, where their application was made 19 months after the Court of Appeals rendered its decision and more than one year after petitioners retained their current counsel. However, "the failure to offer a reasonable excuse for the delay in filing a notice of claim is not fatal where * * * actual notice was had and there is no compelling showing of prejudice to respondents" (*Matter of Drozdzal v Rensselaer City School Dist., supra* at 646; *see Matter of Scuteri v Watkins Glen Cent. School Dist., supra* at 780).

Petitioners' claim is apparently based both upon the County's ownership of the Division Street property and the allegedly negligent treatment of the infant by county health officials. The record reflects that the County briefly owned the property from January 1997 to July 1997, that the infant resided at the property during this period and that, during this time (in April 1997), the County was notified by the Department of Health that "[l]ead hazards were identified and must be abated to meet New York State Department of Health approval." Also, county health officials initially saw the infant in May 1996 and are claimed to have treated her thereafter for elevated lead levels. Accordingly, we discern no error in Supreme Court's conclusion that—for purposes of granting the infant's application for leave to file a late notice of claim—respondents had actual notice of the facts underlying each theory of liability alleged in petitioners' claim at or around the time the claim against respondents arose.

Turning to the issue of prejudice, respondents contend that their ability to prepare a defense has been substantially prejudiced in that, at the time of the application, more than five years had passed since the infant was first diagnosed with elevated levels of lead in her blood and the County has not owned the property for more than four years. In view of the multiyear delay and the often complex nature of proof in lead-paint hazard claims, we do not summarily reject these assertions of prejudice. Regarding the County's ownership of the premises, key issues will be whether and when the County knew or should have known of the hazardous lead-paint conditions—i.e., notice of a chipped or peeling paint condition inside the premises—and a reasonable opportunity to remedy it (*see Chapman v Silber*, 97 NY2d 9; *McCabe v Hans*, 298 AD2d 565, 565; *Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d 176, 179-182). Both aspects of petitioners' claim will require proof, inter alia, of a legally sufficient causal nexus between respondents' breach of duties—either as a landlord or in

rendering treatment to the infant—and the claimed injuries and damages to the infant attributable to that breach (*see Chapman v Silber, supra* at 22). However, while undoubtedly this lengthy passage of time may have impacted respondents' preservation of evidence and may hinder respondents' ability to locate witnesses, as well as the ability of witnesses to recall key facts and events, they have not put forth any specific evidence to support the conclusion that they cannot adequately defend these claims (*see Matter of Welch v Board of Educ. of Saratoga Cent. School Dist.*, 287 AD2d 761, 764, *supra*). Thus, in the absence of substantial evidence of compelling prejudice, we cannot conclude that Supreme Court abused its discretion in partially granting petitioners' application (*see Matter of Harwood v County of Albany*, 257 AD2d 747; *cf. Matter of Salter v Housing Auth. of City of N.Y.*, 251 AD2d 585; *Matter of Turner v New York City Hous. Auth.*, 243 AD2d 636).

Crew III, J.P., Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.