■ In the Matter of Victoria Crocco, Respondent, v Town of New Scotland et al., Appellants. [762 NYS2d 685] —Crew III, J.P. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered October 4, 2002 in Albany County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

On July 5, 2001, petitioner was involved in a one-vehicle motorcycle accident while driving on State Route 85 in the Town of New Scotland, Albany County. Petitioner was assisted at the scene of the accident by an employee of respondent County of Albany and was transported to the hospital in an ambulance operated by respondent Town of New Scotland.

On August 31, 2002, more than one year following the accident, petitioner moved by order to show cause for leave to serve a late notice of claim on the County and the Town alleging that they were negligent in that gravel on the roadway where the accident occurred, which allegedly caused petitioner to lose control of her motorcycle, was dumped onto the roadway

by a town and/or county dump truck. Supreme Court granted the motion and respondents have appealed.

We reverse. It is axiomatic that the decision to permit the late filing of a notice of claim is discretionary and involves an inquiry as to whether respondents acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, whether a reasonable excuse was proffered for the delay in filing a claim and whether granting a late filing would prejudice respondents (see General Municipal Law § 50-e [5]; see also Matter of Wilson v City of Binghamton, 248 AD2d 780 [1998]).

Here, petitioner asserts that she failed to file a notice of claim because she was unaware of the statutory requirement to do so—an excuse that clearly is unacceptable (see Matter of Smith v Otselic Val. Cent. School Dist., 302 AD2d 665 [2003]). Additionally, the record makes plain that respondents did not acquire actual knowledge of the essential facts constituting the claim within 90 days or within a reasonable time thereafter. The mere fact that a county employee was on hand to render first aid to petitioner and that members of the town rescue squad may have been present to transport petitioner to the hospital does not satisfy the statutory requirement of actual notice (see e.g. Caselli v City of New York, 105 AD2d 251, 255 [1984]). Moreover, even assuming the knowledge of employees might properly be imputed to a municipality, the accident here occurred on a state highway, and it is inconceivable that the employees in question would appreciate that a claim thereafter would be filed against the Town and County, respectively, based upon loose gravel allegedly emanating from those municipalities.

Finally, there can be no doubt that respondents have suffered actual prejudice in the more than one-year delay in providing them with the essential facts constituting the claim. Here, petitioner contends that loose gravel on the highway was the cause of the accident and her injuries. Such a transitory condition could not possibly be hoped to exist on a well-traveled state highway more than a year after the occurrence and respondents, therefore, cannot investigate the propriety of the claim (see e.g. Matter of Curiel v Town of Thurman, 289 AD2d 737, 738 [2001], lv denied 97 NY2d 611 [2002]; Matter of Leiblein v Clark, 207 AD2d 348, 350 [1994]). To the extent that Supreme Court and petitioner rely upon our prior decision in Matter of Sutton v Town of Schuyler Falls (185 AD2d 430 [1992]), suffice to say that while the claimed defective soft shoulder indeed constituted a transitory condition, the claim in

that case was primarily based upon negligent design, signing and lighting of the roadway which, of course, could be investigated by the respondents at any time following the happening of the accident.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.