■ In the Matter of CAROL HINTON, Individually and as Parent and Guardian of MICHAEL HINTON, Also Known as MICHAEL FOREMAN, an Infant, Respondent, v NEW PALTZ CENTRAL SCHOOL DISTRICT, Respondent, and ULSTER COUNTY BOARD OF COOPERATIVE EDUCATION SERVICES, Appellant. [857 NYS2d 753]—

Cardona, P.J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 24, 2006 in Ulster County, which, among other things, granted petitioner's application for leave to file a late notice of claim.

Petitioner alleged that, in December 2001, her then 12-year-old son, a student in respondent New Paltz Central School District, was sexually assaulted by a fellow student while riding on a school bus operated by respondent Ulster County Board of Cooperative Education Services (hereinafter BOCES). In April 2006, petitioner, on her own behalf and as parent and guardian of her son, sought leave to file a late notice of claim against respondents. Supreme Court granted petitioner's application only to the extent of allowing her, in her capacity as parent and guardian, to file a late notice of claim solely against BOCES. This appeal by BOCES ensued.

Supreme Court, in its discretion, may grant leave to file a late notice of claim (*see* General Municipal Law § 50-e [5]; Education Law § 3813 [2-a]). Such an application must be made prior to the expiration of the one year and 90-day statute of limitations (*see* General Municipal Law § 50-e [5]; § 50-i [1] [c]), however, when "the putative plaintiff is an infant, the statute of limitations is tolled until his or her 18th birthday" (*Matter of Lanphere v County of Washington*, 301 AD2d 936, 937 [2003]). In determining whether to grant such an application, the court must consider certain factors, including whether the respondent had actual knowledge of the essential facts of the claim within 90 days after the claim arose or within a reasonable time thereafter, whether the respondent would be substantially prejudiced in its defense of the claim by the delay and whether the petitioner demonstrated a reasonable excuse for the delay (*see id.*). " 'Absent an abuse of discretion, Supreme Court's determination of an application to file a late notice of claim will not be disturbed' " (*Matter of Welch v Board of Educ. of Saratoga Cent. School Dist.*, 287 AD2d 761, 762 [2001], quoting *Matter of Jensen v City of Saratoga Springs*, 203 AD2d 863, 863 [1994]).

Here, the application was timely made in reference to the

child's claims. Further, our review of the record reveals that BOCES had actual knowledge of the essential facts of the claim no later than April 10, 2002, thus supporting Supreme Court's determination that BOCES was aware within a reasonable time of the incident's alleged occurrence in December 2001* (*see Matter of Drozdzal v Rensselaer City School Dist.*, 277 AD2d 645, 646 [2000]). Although BOCES claims to be prejudiced by the delay, we note that it has not presented specific evidence that it cannot adequately defend the claim (*see Matter of Lanphere v County of Washington*, 301 AD2d at 939; *Matter of Welch v Board of Educ. of Saratoga Cent. School Dist.*, 287 AD2d at 764). Finally, while petitioner did not establish a nexus between the delay and the child's infancy, as BOCES had actual notice of the essential facts and has not shown prejudice by the delay, such a failure to show a reasonable excuse for the delay is not fatal to the application (*see Matter of Apgar v Waverly Cent. School Dist.*, 36 AD3d 1113, 1115 [2007]; *Matter of Lanphere v County of Washington*, 301 AD2d at 938; *Matter of Scuteri v Watkins Glen Cent. School Dist.*, 261 AD2d 779, 780 [1999]). Accordingly, we conclude that there was no abuse of discretion by Supreme Court.

Spain, Carpinello, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

---

* We note that although petitioner indicates in her brief that she is contemplating a motion to amend the notice of claim to change the alleged date of the incident to "sometime in March or April of 2002," our decision is based only upon the record that was before Supreme Court.