■ MINDY O. et al., Individually and as Parents and Guardians of CASEY O., an Infant, Respondents, v BINGHAMTON CITY SCHOOL DISTRICT, Appellant. [921 NYS2d 696]—

Garry, J. Appeal from that part of an order of the Supreme Court (Lebous, J.), entered September 8, 2010 in Broome County, which partially granted plaintiffs' cross motion for, among other things, leave to file a late notice of claim.

Plaintiffs allege that, as a result of defendant's negligent supervision, their child (born in 1997) was physically assaulted and forced or coerced into sexual activity by fellow students on school grounds on repeated occasions during the 2008-2009 school year, when the child was attending sixth grade in one of defendant's schools. In July 2009, plaintiffs served a notice of claim on defendant on their own behalf and that of the child. Defendant rejected the notice of claim for, among other things, being untimely. Later in July 2009, plaintiffs re-served the notice of claim, and defendant again rejected it. Plaintiffs commenced this action on November 2, 2009 by filing a summons and complaint, which was not served upon defendant until March 25, 2010 (see CPLR 306-b). Defendant moved to dismiss the complaint for, among other things, failure to comply with the notice of claim provisions of General Municipal Law §§ 50-e and 50-i. Plaintiffs cross-moved for relief including leave to file a late notice of claim and an order extending the time to serve the complaint. Supreme Court granted defendant's motion to dismiss, without prejudice, but also partially granted plaintiffs' cross motion by permitting them to serve a late notice of claim and thereafter file a new complaint asserting the claims advanced on behalf of the child, but not as to plaintiffs' claims on their own behalf. Defendant appeals.

Supreme Court is vested with broad discretion in determining whether to grant an application for leave to file a late notice of claim (see Matter of Place v Beekmantown Cent. School Dist., 69 AD3d 1035, 1035-1036 [2010]; Matter of Lanphere v County of Washington, 301 AD2d 936, 937 [2003]). Such an application must be made before the expiration of the one year and 90-day limitations period (see General Municipal Law §§ 50-e, 50-i [1] [c]), but the statute of limitations is tolled until the 18th birthday of an infant plaintiff (see Matter of Place v Beekmantown Cent. School Dist., 69 AD3d at 1036; Matter of Hinton v New Paltz Cent. School Dist., 50 AD3d 1414, 1415 [2008]). The court must make a discretionary determination based on statutory factors, including whether a reasonable excuse exists for the delay, whether the defendant had actual knowledge of the facts constituting the claim, and whether the delay caused substantial prejudice to the defendant (see Matter of Apgar v

*Waverly Cent. School Dist.*, 36 AD3d 1113, 1114 [2007]; *Matter of Scuteri v Watkins Glen Cent. School Dist.*, 261 AD2d 779, 779-780 [1999]).

As to whether a reasonable excuse existed, plaintiffs allege that they first learned that the child had been sexually assaulted in the summer of 2009, after asking her about certain drawings they found in her room. The notice of claim was filed shortly thereafter in July 2009. We have previously held that a reasonable excuse exists for delay in filing a notice of claim where the nature and extent of a child's injuries are not immediately apparent (*see Matter of Welch v Board of Educ. of Saratoga Cent. School Dist.*, 287 AD2d 761, 763 [2001]). Here, plaintiffs' lack of awareness that the child had been injured at all is a reasonable excuse.

Notably, the record indicates that the notice of claim may not have been untimely as to all the events alleged therein. Plaintiffs' claims were not, as defendant suggests, confined to events that took place in September 2008. Instead, plaintiffs alleged that the first physical assault on the child took place in September 2008, that additional physical assaults occurred on unspecified dates thereafter, and that the child was also subjected to an "ongoing assault of sexual activity that [took] place over months and months during the [2008-2009] school year." While the notice was undeniably vague as to the dates of these events, more specific information was furnished in short order by a police investigation initiated by plaintiffs and completed—and reported to school officials—in mid-August 2009. In the course of the investigation, police officers interviewed the child and several classmates who had allegedly engaged in sexual activity with her. The children gave detailed, consistent accounts of participating in sexual activity on school property on at least two occasions—the first in April or May 2009, and the second in June 2009, less than 90 days before the notice of claim was served on defendant. In addition to casting doubt on the lateness of the notice of claim, we find that the police report provided defendant with actual knowledge of at least some of the facts constituting the claim approximately two months after the most recent assault occurred and, thus, "within a reasonable time" after the claim arose (*Matter of Hinton v New Paltz Cent. School Dist.*, 50 AD3d at 1416; *see Matter of Drozdzal v Rensselaer City School Dist.*, 277 AD2d 645, 646 [2000]).

Turning to the issue of prejudice, defendant contends that the memories of the children involved in the incident are likely to have faded and that it has no documents or records related to

the alleged incidents. However, this has not been established as defendant has not interviewed the children (*see Matter of Apgar v Waverly Cent. School Dist.*, 36 AD3d at 1115). Further, the records of the police investigation indicate that, as of July and August 2009, the children involved were able to remember the alleged events in detail; any fading of their memories that may have since occurred would apparently result from defendant's election not to interview them or conduct a hearing pursuant to General Municipal Law § 50-h at that time.[1] Moreover, in April 2010, several of defendant's employees had sufficient recall to supply affidavits describing the child's moodiness, her behavior during lunch hour, her mother's concerns about changes in her habits, and other events during the 2008-2009 school year, including a May 2009 incident in which a guidance counselor asked the child directly whether she was pregnant after her teachers heard rumors that she was sexually involved with a classmate.[2] Accordingly, defendant has failed to put forth specific evidence that its ability to defend against the claim has been impaired (*see Matter of Hinton v New Paltz Cent. School Dist.*, 50 AD3d at 1416; *Matter of Apgar v Waverly Cent. School Dist.*, 36 AD3d at 1115; *Matter of Lanphere v County of Washington*, 301 AD2d at 939).

As to defendant's contention that no nexus was established between the delay in filing the notice of claim and the child's infancy, we are unpersuaded that the child's initial reluctance to report or admit the alleged assaults was unrelated to her infancy. In any event, the absence of such a nexus is not fatal where, as here, defendant had actual notice of at least some of the pertinent facts and has not shown prejudice (*see Matter of Hinton v New Paltz Cent. School Dist.*, 50 AD3d at 1416). Finally, upon review of the record, we do not find the claim of negligent supervision "patently meritless" (*Matter of Place v Beekmantown Cent. School Dist.*, 69 AD3d at 1037). Accordingly, we find no abuse of discretion in allowing plaintiffs to file a late notice of claim.

Defendant also contends that Supreme Court erred by granting plaintiffs an extension of time to serve the complaint. This argument misconstrues the court's decision and order; in accord with CPLR 306-b, as service of the summons and complaint was

1. Defendant could have conducted such a hearing without waiving its assertion that the notice of claim was untimely (*see Hallett v City of Ithaca*, 8 AD3d 870, 871 [2004], *lv denied* 3 NY3d 608 [2004]).

2. Both the child and the classmate allegedly denied that any sexual activity had occurred. Plaintiffs allege that defendant's employees did not inform them of the interview with the counselor or of another interview with a school nurse.

not made upon defendant within 120 days after filing, the court properly dismissed the complaint without prejudice. The decision also expressly anticipates that plaintiffs will recommence the action as to the infant's claims, as their cross motion for leave to file a late notice of claim was granted, and we find no error in this respect.

Spain, J.P., Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.