■ In the Matter of NICOLE M. FRANCO, Appellant, v TOWN OF CAIRO et al., Respondents. [928 NYS2d 396]—

Lahtinen, J.

In December 2009, petitioner fractured her ankle when she allegedly fell on ice while walking on a sidewalk adjacent to Main Street, near Living Structures Realty and the Cairo Public Library, in the Town of Cairo, Greene County. In June 2010, she made this application for leave to serve a late notice of claim upon respondents. Supreme Court denied the motion finding that petitioner failed to establish that respondents had knowledge of the accident within 90 days, set forth a reasonable excuse for her delay and demonstrate a lack of prejudice to respondents. Petitioner appeals.

The 90-day notice requirement of General Municipal Law § 50-e is intended "to provide the municipality with the opportunity to investigate the alleged defective condition in a timely fashion and assess the merits of the claim, not to avoid liability" (*Williams v City of New York*, 229 AD2d 114, 116 [1997]). Supreme Court is accorded discretion in determining whether to grant leave to serve a late notice of claim and the well-recognized nonexhaustive list of relevant factors includes actual knowledge of the respondent, reasonable excuse of the petitioner, and prejudice to the respondent caused by the delay (*see Matter of Hayes v Delaware-Chenango-Madison-Otsego Bd. of Coop. Educ. Servs.*, 79 AD3d 1405, 1405 [2010]; *Kirtley v Albany County Airport Auth.*, 67 AD3d 1317, 1318-1319 [2009]). Although we agree with Supreme Court that petitioner did not establish a reasonable excuse for the delay, petitioner sufficiently set forth the factors of knowledge by respondents of the accident and a lack of prejudice. Employees of respondents were summoned to the scene to assist petitioner, who was immobile and still positioned at the place where she had fallen when they arrived. Knowledge may be imputed to a municipality where its employees discern more than merely generalized awareness of an accident and injuries from their presence at an accident site (*see Matter of Schwindt v County of Essex*, 60 AD3d 1248, 1249-1250 [2009]; *Matter of Dewey v Town of Colonie*, 54 AD3d 1142, 1143 [2008]; *cf. Matter of Curiel v Town of Thurman*, 289 AD2d 737, 738 [2001], *lv denied* 97 NY2d 611 [2002] [knowledge not imputed where causes of accident and connection to potential negligence were not apparent to employees at the scene]).

Here, police and emergency medical personnel were present

and a written report was generated that specifically referenced the ice that allegedly caused petitioner to fall (*see Matter of Dewey v Town of Colonie*, 54 AD3d at 1143). The report states that petitioner was lying along the sidewalk and that she indicated she had fallen because of built up ice at such location. The potential serious nature of her injury was evident not only from her immobility, but also, as related in the report, from the fact that she was crying and believed that she had broken her ankle. Moreover, less than two months after the accident, a law firm sent a letter to the Cairo Public Library regarding petitioner's accident and requested that the letter be forwarded to the liability insurance carrier. There is sufficient evidence of actual knowledge and an opportunity to investigate within the 90 days after the accident. Accordingly, respondents were not substantially prejudiced by the delay of about three months beyond the initial 90 days (*see Matter of Sutton v Town of Schuyler Falls*, 185 AD2d 430, 432 [1992]; *see also Matter of Hayes v Delaware-Chenango-Madison-Otsego Bd. of Coop. Educ. Servs.*, 79 AD3d at 1405-1406; *Rosenblatt v City of New York*, 160 AD2d 927, 927-928 [1990]).

Respondents' contention that the proposed action is meritless because there was no prior written notice of the condition may ultimately be a ground for summary judgment depending on what disclosure reveals, but is insufficient on this record to serve as a ground to deny the application to serve a late notice of claim (*see Miller v County of Sullivan*, 36 AD3d 994, 996-997 [2007]). In light of the circumstances set forth in the record, including the proof of knowledge of respondents of the accident and the lack of prejudice, petitioner's application should have been granted (*see Matter of Ruperti v Lake Luzerne Cent. School Dist.*, 208 AD2d 1146, 1147 [1994]; *Matter of Esposito v Carmel Cent. School Dist.*, 187 AD2d 854, 855 [1992]; *see also Matter of Welch v Board of Educ. of Saratoga Cent. School Dist.*, 287 AD2d 761, 763-764 [2001]).

Mercure, J.P., Kavanagh and Garry, JJ., concur.

Rose, J. (dissenting). I respectfully dissent. I cannot agree with the majority that petitioner sufficiently established that respondents acquired actual knowledge of the essential facts of the claim within 90 days of the accident. Although a Town of Cairo police officer responded to the scene and generated a police accident report, the content of that report is vague and ambiguous in describing the location of the accident, indicating that petitioner fell "on the ground due to ice that was built up along the sidewalk at the entrance of the driveway" to a private real estate office. It does not say that she fell on the sidewalk or

that the ice was built up on the sidewalk. In short, the police report does not put respondent Town of Cairo on notice of petitioner's claim that negligent maintenance of the Town's sidewalk caused her to fall (*see Kirtley v Albany County Airport Auth.*, 67 AD3d 1317, 1318-1319 [2009]; *Matter of Curiel v Town of Thurman*, 289 AD2d 737, 738 [2001], *lv denied* 97 NY2d 611 [2002]; *Matter of Leiblein v Clark*, 207 AD2d 348, 350 [1994]). The letter sent by petitioner's attorney to the Cairo Public Library is also insufficient to provide notice as it only mentions the accident date but gives no indication of the location, manner or cause of the accident. Nor does it offer any clarification or amplification to the police report. Instead, it confuses the issue of where this accident occurred by implying that it occurred at the Library. Furthermore, there is no indication of any connection between the Library and the Town.

*Matter of Dewey v Town of Colonie* (54 AD3d 1142 [2008]), relied upon by the majority, is distinguishable. The municipality in that case had actual knowledge of the claim based on a police accident report containing sufficient detail of the essential facts of the claim as well as Freedom of Information Law requests made by the petitioners and their attorneys to the municipality's police department and its attorney (*id.* at 1143). Here, there is only an ambiguous police accident report and a letter to the Library that does not include any detail about the accident.

Also, there is no evidence that respondent County of Greene acquired actual knowledge of the essential facts of the claim. The mere presence of a County medic at the scene of the accident is insufficient to satisfy the requirement of actual knowledge (*see* General Municipal Law § 50-e [5]; *Matter of Crocco v Town of New Scotland*, 307 AD2d 516, 517 [2003]). Nor is there any indication in the record that the medic generated a report that would put the County on notice of the accident, its cause or any basis upon which the County could be said to be negligent.

Given the lack of evidence that respondents had knowledge of the essential facts of the claim within 90 days, and petitioner's lack of any reasonable excuse for the delay in filing a notice of claim, I can find no abuse of discretion in Supreme Court's denial of the application to file a late notice of claim and, accordingly, would affirm the order (*see Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992 [2009]; *Matter of Jensen v City of Saratoga Springs*, 203 AD2d 863, 864-865 [1994]; *Caselli v City of New York*, 105 AD2d 251, 260 [1984]).

Ordered that the order is reversed, on the law, with costs, and application granted.