Egan Jr., J.
Appeal from an order of the Supreme Court (Teresi, J.), entered June 28, 2012 in Albany County, which denied petitioners’ application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.
On November 22, 2011, respondent Village of Altamont Fire Department responded to a report of smoke emanating from petitioners’ residence in the Village of Altamont, Albany County. Upon arrival, petitioner Adam Reinemann advised firefighters that there was no fire but that petitioners were experiencing some sort of furnace malfunction — as evidenced by, among other things, the smell of fuel oil at the scene. The fire department cleared the smoke from the residence and left the premises.
The following day, a contractor advised petitioners that the heating exchange unit on their furnace was cracked. In response, Reinemann — in the contractor’s presence — turned the heating oil supply valve at the base of the oil tank to the “off” position. Later that day, however, Reinemann detected what he described as “a strong smell of spent carbon in the house,” and *1265 the fire department again was contacted for assistance. According to petitioners, one of the firefighters concluded that the supply valve had not been turned off properly and proceeded to “manipulate” the valve. Five days later, the heating contractor returned to replace the furnace, whereupon it was discovered that a significant amount of #2 fuel oil had been released into petitioners’ basement.
Remediation efforts followed and, on February 16, 2012, the Department of Environmental Conservation (hereinafter DEC) was advised of the spill; DEC, in turn, notified the fire department of the spill the following day. Thereafter, in April 2012, petitioners sought leave to file a late notice of claim pursuant to General Municipal Law § 50-e (5). Supreme Court denied petitioners’ application, and this appeal ensued.
We affirm. “[T]he decision to permit the late filing of a notice of claim is discretionary and involves an inquiry as to whether [the] respondents acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, whether a reasonable excuse was proffered for the delay in filing a claim and whether granting a late filing would prejudice [the] respondents” (Matter of Crocco v Town of New Scotland, 307 AD2d 516, 517 [2003]; accord Matter of Euson v County of Tioga, N.Y., 94 AD3d 1279, 1280 [2012]; Matter of Schwindt v County of Essex, 60 AD3d 1248, 1249 [2009]). No single factor is determinative and, absent a clear abuse of discretion, Supreme Court’s determination on this point will not be disturbed (see Matter of Hayes v Delaware-Chenango-Madison-Otsego Bd. of Coop. Educ. Servs., 79 AD3d 1405, 1405 [2010]; Matter of Hubbard v County of Madison, 71 AD3d 1313, 1314-1315 [2010]).
We discern no abuse of Supreme Court’s considerable discretion here. To satisfy the actual knowledge prong, petitioners were required to establish that respondents possessed more than a generalized awareness that some sort of injury had occurred (see Matter of Conger v Ogdensburg City School Dist., 87 AD3d 1253, 1255 [2011]; Matter of Formisano v Eastchester Union Free School Dist., 59 AD3d 543, 544 [2009]; Matter of Johnston v Town of Putnam Val. Police Dept., 167 AD2d 612, 614 [1990]). Here, although the fire department’s representatives were advised of a problem with petitioners’ furnace and smelled fuel oil upon responding to the call for service on November 22, 2011, the record reflects that respondents were not aware that an actual spill occurred until so notified — by DEC — in February 2012. More to the point, respondents were not aware — prior to receiving petitioners’ proposed notice of *1266 claim in April 2012 — that petitioners were attributing responsibility for the spill to the fire department’s actions in “manipulating]” the oil supply valve on November 23, 2011. Under these circumstances, petitioners failed to demonstrate that respondents “had actual knowledge of the essential facts constituting the claim” (Kirtley v Albany County Airport Auth., 67 AD3d 1317, 1318-1319 [2009] [internal quotation marks and citation omitted]; see Folmar v Lewiston-Porter Cent. School Dist., 85 AD3d 1644, 1645 [2011]; Matter of Petersen v Susquehanna Val. Cent. School Dist., 57 AD3d 1332, 1334 [2008]; compare Matter of Franco v Town of Cairo, 87 AD3d 799, 800-801 [2011]; Matter of Schwindt v County of Essex, 60 AD3d at 1249-1250).
The record also supports Supreme Court’s finding that petitioners failed to demonstrate a reasonable excuse for the delay. Although petitioners indeed were displaced from their home and periodically suffered from various medical issues, the record as a whole fails to establish that petitioners were “incapacitated to the extent that [they] could not pursue [their] legal remedies against respondents] by retaining or effectively communicating with counsel” (Matter of Jensen v City of Saratoga Springs, 203 AD2d 863, 864 [1994]; see Matter of Smith v Otselic Val. Cent. School Dist., 302 AD2d 665, 666 n [2003]; see also Matter of Carpenter v City of New York, 30 AD3d 594, 595 [2006]) — particularly in view of the fact that petitioners were able to communicate and coordinate with their adjuster and various remediation contractors during the relevant time period. Finally, inasmuch as petitioners failed to demonstrate that respondents “acquired knowledge of the claim within a reasonable time, it [would be] an improvident exercise of discretion to grant [petitioners’] application . . . even in the absence of substantial prejudice” to respondents (Matter of Heffelfinger v Albany Intl. Airport, 43 AD3d 537, 538 [2007]).
Rose, J.E, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs. [Prior Case History: 2012 NY Slip Op 31669(U).]