Matter of Christopher M. v Boquet Val. Cent. Sch. Dist. (2021 NY Slip Op 06738)





Matter of Christopher M. v Boquet Val. Cent. Sch. Dist.


2021 NY Slip Op 06738


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

532521
[*1]In the Matter of Christopher M., as Parent and Guardian of B.M., an Infant, Respondent,
v
Boquet Valley Central School District, Formerly Known as Westport Central School District, et al., Appellants.

Calendar Date:October 15, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Johnson & Laws, LLC, Clifton Park (Loraine C. Jelinek of counsel), for appellants.
Law Office of Bryan Liam Kennelly, Lake Placid (Bryan Liam Kennelly of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Bruening, J.), entered May 12, 2020 in Essex County, which partially granted petitioner's application pursuant to General Municipal Law §
50-e (5) for leave to serve a late notice of claim.
In August 2019, petitioner, on behalf of his son, commenced this proceeding seeking leave to serve a late notice of claim upon respondents. According to the notice of claim, the son was a student and a member of the track team at respondent Moriah Central School District (hereinafter Moriah) and was subjected to bullying and harassment at various times between 2016 and 2019. The notice of claim alleged claims of negligent supervision and intentional infliction of emotional distress. Respondents opposed the application. Supreme Court denied the application to the extent that the notice of claim was premised upon alleged harassment and bullying that occurred during the 2018-2019 track season and otherwise granted it. This appeal ensued.
Whether to grant an application for leave to serve a late notice of claim is a matter resting in the discretion of the trial court (see Matter of Kranick v Niskayuna Cent. Sch. Dist., 151 AD3d 1262, 1262 [2017]; Mindy O. v Binghamton City School Dist., 83 AD3d 1335, 1336 [2011]). This discretionary determination requires the consideration of various factors, "including whether the respondent[s] had actual knowledge of the essential facts constituting the claim, whether there exists a reasonable excuse for any delay in [serving] the notice of claim and whether the delay has caused substantial prejudice to any defense to the claim" (Matter of Dewey v Town of Colonie, 54 AD3d 1142, 1142 [2008] [internal quotation marks and citation omitted]; see Babcock v Walton Cent. Sch. Dist., 119 AD3d 1061, 1063 [2014]). No single factor is determinative, but whether respondents had actual knowledge is a factor that is given great weight (see Matter of Holbrook v Village of Hoosick Falls, 168 AD3d 1263, 1264 [2019]; Babcock v Walton Cent. Sch. Dist., 119 AD3d at 1063).
Supreme Court found that, except for the alleged incidents that occurred in October 2018 and May 2019, respondents had knowledge of the incidents set forth in the notice of claim. The record contains a 2017 letter from the son's mother addressed to Moriah's athletic coordinator and copied to Moriah's superintendent detailing the instances of harassment against the son. A follow-up letter discloses that these instances of alleged bullying were discussed in a meeting with the superintendent, the athletic coordinator and the track coach. The record further discloses that petitioner immediately complained to a faculty member and the track coach about the incidents referenced in the mother's letter. As such, the record supports the court's finding that respondents had knowledge of the essential facts constituting the claim (see Matter of C.B. v Carmel Cent. Sch. Dist., 164 AD3d 670, 671 [2018]; Matter of Cornelius v Board of [*2]Educ. of Delhi Cent. School Dist., 77 AD3d 1048, 1049 [2010]; Matter of Scuteri v Watkins Glen Cent. School Dist., 261 AD2d 779, 780 [1999]; Matter of Esposito v Carmel Cent. School Dist., 187 AD2d 854, 855 [1992]).[FN1]
As to the other factors, respondents' assertion that they were prejudiced due to the passage of time and the departure of employees and students was conclusory, and they failed to make a "particularized evidentiary showing" of substantial prejudice (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467 [2016]; see Matter of C.B. v Carmel Cent. Sch. Dist., 164 AD3d at 672; Matter of Welch v Board of Educ. of Saratoga Cent. School Dist., 287 AD2d 761, 764 [2001]). Furthermore, although Supreme Court agreed with respondents that petitioner failed to show any nexus between the son's infancy and the delay in serving the notice of claim, such failure was not fatal to petitioner's application, especially where, as here, respondents had knowledge of the claim and would not be prejudiced if petitioner's application was granted (see Matter of Hinton v New Paltz Cent. School Dist., 50 AD3d 1414, 1416 [2008]; Matter of Scuteri v Watkins Glen Cent. School Dist., 261 AD2d at 780). Accordingly, Supreme Court did not abuse its discretion in partially granting petitioner's application (see Matter of Euson v County of Tioga, N.Y., 94 AD3d 1279, 1280-1281 [2012]; Mindy O. v Binghamton City School Dist., 83 AD3d at 1337-1338).
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: To the extent that respondents contend that not all of them were notified of the alleged bullying, such contention is improperly raised for the first time on appeal (see Amica Ins. v Baum, 180 AD3d 1284, 1285 [2020]).