Matter of Doe v Elmira City Sch. Dist. (2022 NY Slip Op 06035)

Matter of Doe v Elmira City Sch. Dist.

2022 NY Slip Op 06035

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

532866
[*1]In the Matter of Jane Doe et al., Individually and as Guardians of Judy Doe, et al., Respondents,
v
Elmira City School District, Appellant.

Calendar Date:September 14, 2022

Before:Garry, P.J., Lynch, Aarons, Pritzker and McShan, JJ.

McGivney, Kluger, Clark and Intoccia, PC, New York City (Gary J. Intoccia of counsel), for appellant.
Schlather, Stumbar, Parks & Salk, LLP, Ithaca (Aubrey D. Hetznecker of counsel), for respondents.

Aarons, J.
Appeal from an order of the Supreme Court (Christopher P. Baker, J.), entered January 15, 2021 in Chemung County, which partially granted petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.
In December 2019, petitioners served a notice of claim alleging that their granddaughter, who has developmental disabilities and was a student at a school operated by respondent, was raped by another student on school grounds.[FN1] Petitioners alleged in the notice of claim that the granddaughter was raped "in or about May and June 2019" and "on or about October 9, 2019." In July 2020, the granddaughter testified at an examination pursuant to General Municipal Law § 50-h that, in addition to the October 2019 incidents, there were two previous ones — in June and September 2019. In August 2020, petitioners, as relevant here, moved for leave to serve a late notice of claim with respect to the June and September 2019 incidents. Supreme Court granted the motion to this extent. Respondent appeals.
When presented with a motion for leave to serve a late notice of claim, a court must consider various factors, including, but not limited to, "whether the respondents had actual knowledge of the essential facts constituting the claim, whether there exists a reasonable excuse for any delay in serving the notice of claim and whether the delay has caused substantial prejudice to any defense to the claim" (Matter of Christopher M. v Boquet Val. Cent. Sch. Dist., 200 AD3d 1176, 1177 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Matter of Waliszewski v County of Ulster, 169 AD3d 1212, 1213 [3d Dept 2019]; Matter of Place v Beekmantown Cent. School Dist., 69 AD3d 1035, 1036 [3d Dept 2010]). The decision whether to grant such a motion rests in the sound discretion of the court and will not be disturbed absent an abuse of that discretion (see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 675 [2016]; Matter of Hayes v Delaware-Chenango-Madison-Otsego Bd. of Coop. Educ. Servs., 79 AD3d 1405, 1405 [3d Dept 2010]; Matter of Jensen v City of Saratoga Springs, 203 AD2d 863, 863 [3d Dept 1994]).
As to respondent's knowledge of the essential facts constituting the claim, the record reflects that a school administrator was personally aware of the October 2019 incident (see Sherb v Monticello Cent. Sch. Dist., 163 AD3d 1130, 1133 [3d Dept 2018]; Matter of Hayes v Peru Cent. School Dist., 281 AD2d 794, 795 [3d Dept 2001]). Furthermore, the notice of claim served in December 2019 advised respondent of another incident that occurred "in or about May and June 2019." Accordingly, even if the notice of claim did not specifically advise respondent of the September 2019 incident, the record nonetheless discloses that respondent had knowledge of at least some of the underlying acts constituting the claim within a reasonable amount of time of their occurrences (see Sherb v Monticello [*2]Cent. Sch. Dist., 163 AD3d at 1133; Matter of Hinton v New Paltz Cent. School Dist., 50 AD3d 1414, 1416 [3d Dept 2008]; Matter of Drozdal v Rensselaer City School Dist., 277 AD2d 645, 646 [3d Dept 2000]).
As to whether petitioners had a reasonable excuse for the delay, Supreme Court noted the granddaughter's developmental limitations and how such limitations prevented the granddaughter from reporting the alleged rapes. The record also discloses that the granddaughter was subjected to bullying and was threatened if she reported these incidents. Once petitioners were informed of what had happened to the granddaughter, they took prompt action. Consequently, a reasonable excuse exists (see Mindy O. v Binghamton City Sch. Dist., 83 AD3d 1335, 1337 [3d Dept 2011]).
As to prejudice, petitioners established that respondent was aware of the granddaughter's disability and was able to investigate part of the incidents at issue. With this, petitioners "present[ed] some evidence or plausible argument that support[ed] a finding of no substantial prejudice" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016]; see Sherb v Monticello Cent. Sch. Dist., 163 AD3d at 1133-1134). In response thereto, respondent was required to make a particularized showing of substantial prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467). That said, respondent's conclusory assertion that video security footage for the June and September 2019 incidents no longer exists fails to satisfy that burden (see Matter of Christopher M. v Boquet Val. Cent. Sch. Dist., 200 AD3d at 1177; Matter of Apgar v Waverly Cent. School Dist., 36 AD3d 1113, 1115 [3d Dept 2007]; Matter of Welch v Board of Educ. of Saratoga Cent. School Dist., 287 AD2d 761, 764 [3d Dept 2001]). Indeed, respondent merely speculated what the video footage would have revealed and acknowledged that the security cameras may not have captured the incidents at issue. Based on the foregoing, Supreme Court did not abuse its discretion in partially granting petitioners' motion (see Matter of Christopher M. v Boquet Val. Cent. Sch. Dist., 200 AD3d at 1178; Mindy O. v Binghamton City Sch. Dist., 83 AD3d at 1337-1338; Matter of Kelli A. v Galway Cent. School Dist., 241 AD2d 883, 885 [3d Dept 1997]).
Garry, P.J., Lynch, Pritzker and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Petitioners are the legal guardians of their granddaughter.