Matter of Houseman v Village of Cazenovia (2025 NY Slip Op 03681)

Matter of Houseman v Village of Cazenovia

2025 NY Slip Op 03681

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

CV-24-1316
[*1]In the Matter of McKenzie Houseman, Appellant,
v
Village of Cazenovia, Respondent.

Calendar Date:April 29, 2025

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Stanley Law Offices, LLP, Syracuse (Thomas P. Welch of counsel), for appellant.
Sugarman Law Firm, LLP, Syracuse (Cory J. Schoonmaker of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (Patrick O'Sullivan, J.), entered July 19, 2024 in Madison County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for, among other things, leave to serve a late notice of claim.
In March 2022, petitioner was walking through a parking lot bordered by a college building and a restaurant when she allegedly tripped over an exposed wire running along the ground, causing her to fall and sustain injuries. Petitioner initially believed that the wire was connected to a National Grid utility pole and that the parking lot was owned either by the college or the restaurant. However, approximately one year later, petitioner learned that the utility pole and parking lot were actually owned by respondent. Petitioner thereafter brought this application seeking, as relevant here, leave to serve a late notice of claim upon respondent pursuant to General Municipal Law § 50-e (5). Supreme Court denied the application, and petitioner appeals.
We affirm. "[A] party seeking to sue a public corporation, which includes a [village], must serve a notice of claim on the prospective defendant 'within ninety days after the claim arises' " (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460 [2016], quoting General Municipal Law § 50-e [1] [a]; see General Construction Law § 66 [1], [2]). When that time period has passed and leave to serve a late notice of claim is requested, "a court must consider various factors, including, but not limited to, whether the respondent[ ] had actual knowledge of the essential facts constituting the claim, whether there exists a reasonable excuse for any delay in serving the notice of claim and whether the delay has caused substantial prejudice to any defense to the claim" (Matter of Doe v Elmira City Sch. Dist., 209 AD3d 1187, 1187 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Waliszewski v County of Ulster, 169 AD3d 1212, 1213 [3d Dept 2019]). "The decision whether to grant such [an application] rests in the sound discretion of the court and will not be disturbed absent an abuse of that discretion" (Matter of Doe v Elmira City Sch. Dist., 209 AD3d at 1187 [citations omitted]; see Matter of Holbrook v Village of Hoosick Falls, 168 AD3d 1263, 1263-1264 [3d Dept 2019]).
Turning first to the question of respondent's actual knowledge of the claim within 90 days of its accrual, although no single factor is determinative, this factor "should be accorded great weight" (Daprile v Town of Copake, 155 AD3d 1405, 1406 [3d Dept 2017] [internal quotation marks and citations omitted]). Petitioner contends that respondent acquired the requisite knowledge by virtue of the fact that among the people who rendered aid after her fall was the owner of the nearby restaurant, who is also an EMT and assistant fire chief for respondent. "Knowledge may be imputed to a municipality where its employees discern more than merely generalized awareness [*2]of an accident and injuries from their presence at an accident site" (Matter of Franco v Town of Cairo, 87 AD3d 799, 800 [3d Dept 2011] [citations omitted]; see Matter of Reinemann v Village of Altamont, 112 AD3d 1264, 1265 [3d Dept 2013]). To begin, the parties agreed at oral argument that the assistant fire chief is a volunteer for respondent. In any event, petitioner failed to show that the assistant chief was aware of more than the fact that she was injured in an accident. That is, there was no proof that he obtained any information "connect[ing] the accident with any negligence on the part of the municipality or otherwise reveal[ing] the nature of this claim" (Matter of Curiel v Town of Thurman, 289 AD2d 737, 738 [3d Dept 2001], lv denied 97 NY2d 611 [2002]; see Matter of Reinemann v Village of Altamont, 112 AD3d at 1265-1266; Matter of Crocco v Town of New Scotland, 307 AD2d 516, 517 [3d Dept 2003]; Matter of Wilson v City of Binghamton, 248 AD2d 780, 780 [3d Dept 1998]). Further, there was no indication that he reported any such information to respondent (see Matter of Crocco v Town of New Scotland, 307 AD2d at 517; cf. Matter of Franco v Town of Cairo, 87 AD3d at 800-801).
As for the issue of a reasonable excuse for the delay, while one consideration is whether a petitioner " 'made an excusable error concerning the identity of the public corporation against which the claim should be asserted,' " such an error will not be overlooked when it results from "a lack of due diligence in investigating the matter" (Matter of Placido v County of Orange, 112 AD3d 722, 723-724 [2d Dept 2013], quoting General Municipal Law § 50-e [5]; see Matter of Perez v City of New York, 175 AD3d 1534, 1536 [2d Dept 2019]). Petitioner claimed that she did not learn of respondent's ownership of the utility pole until nearly a year after the accident because she was waiting for National Grid to complete its investigation of the matter. However, as reflected in respondent's submissions, a simple search of public records would have revealed that respondent is the owner of the parking lot where the accident occurred, such that it cannot be said that petitioner conducted a diligent investigation concerning the identity of the responsible party (see Matter of Alexander v County of Nassau, 227 AD3d 888, 889 [2d Dept 2024]).
With regard to the matter of prejudice to respondent, petitioner "was initially required to present some evidence or plausible argument that supports a finding of no substantial prejudice" (Sherb v Monticello Cent. Sch. Dist., 163 AD3d 1130, 1133 [3d Dept 2018] [internal quotation marks and citation omitted]). Petitioner submitted two sets of photographs of the utility pole and wire taken in April 2022 and March 2023, in an effort to demonstrate that the tripping hazard remained in the same condition a year after the initial accident, thus allowing respondent to perform any necessary investigation. In our view, the March 2023 photographs prove little, [*3]as they depict only a closeup of the utility pole and a small portion of the wire surrounded by snow, while the full length of the wire itself is not visible. Thus, it cannot be ascertained from these photographs whether the wire was in the same condition when petitioner filed the instant application, nearly a year after the accident occurred (see Matter of Bermudez v City of New York, 167 AD3d 733, 735 [2d Dept 2018]). That said, even in the absence of prejudice, recognizing, as noted above, respondent's lack of actual knowledge together with petitioner's failure to show a reasonable excuse for the delay, we conclude that Supreme Court did not abuse its discretion in denying petitioner's motion to serve a late notice of claim (see Babcock v Walton Cent. Sch. Dist., 119 AD3d 1061, 1065 [3d Dept 2014]; Matter of Heffelfinger v Albany Intl. Airport, 43 AD3d 537, 538 [3d Dept 2007]).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.